# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY LUCAS et al.,

        Plaintiffs,

        vs.

BELL TRANS et al.,

        Defendants.

2:08-cv-01792-RCJ-RJJ

**ORDER**

This lawsuit is a class and collective action for unpaid minimum wages and overtime compensation brought on behalf of all persons who worked for Defendant Bell Trans during the last three years as limousine drivers. Now before the Court is Plaintiffs' Motion to Amend and Certify Order for Interlocutory Review or, in the Alternative, Motion to Certify Question to the Nevada Supreme Court (#30). Defendants have filed a Response (#33), and Plaintiffs have filed a Reply (#39). The Court DENIES the Motion. (#30).

**I.    FACTS**

On December 18, 2008, Plaintiffs Anthony Lucas, Gregory H. Castello, Lillian Melton, Leavon R. Smith, and Robert A. Greene filed the present lawsuit individually and on behalf of all persons who were employed by Bell Trans as limousine drivers within the last three years. (#1). Plaintiffs have pleaded claims for: (1) failure to pay wages for each hour worked in violation of Nev. Rev. Stat. § 608.016; (2) failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 and Section 16 of the Nevada Constitution; (3) failure to pay overtime

compensation in violation of Nev. Rev. Stat. § 608.100 and the FLSA, 29 U.S.C. § 207; (4) failure to pay wages in violation of Nev. Rev. Stat. § 608.040; and (5) unlawful wage deductions in violation of Nev. Rev. Stat. § 608.100.

Bell Trans filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (#4). On June 24, 2009, the Court issued an order ("the Order") granting the Motion to Dismiss (#4) as to Plaintiff's state law claims for compensation under Nev. Rev. Stat. § 608.100; for unpaid minimum wages under Nev. Rev. Stat. § 608.250 or Nev. const. art. 15, § 16; and for unpaid overtime under Nevada law. The Court denied the Motion to Dismiss (#4) as to Plaintiff's clams for unpaid wages under Nev. Rev. Stat. § 608.

Plaintiffs have filed the present Motion (#30) to obtain interlocutory review by the Ninth Circuit, or, in the alternative, certification to the Nevada Supreme Court on the following issue, which Plaintiffs lost via the Order:

> Does Section 16 of Article 15 of the Constitution of the State of Nevada require payment of the constitutionally mandated minimum wages to employees who are currently excluded from entitlement from the statutory minimum wages under NRS 608.250(2), unless those employees are not within the Constitutional definition of a protected "employee" pursuant to Section 16(c) of the Nevada State Constitution?

(#30 at 4:27–5:4 and 8:17–22). Plaintiffs have not explicitly asked the Court to reconsider the original Motion (#4).

## II. LEGAL STANDARDS

### A. Interlocutory Review Under 29 U.S.C. § 1292(b)

A court of appeals may grant interlocutory appellate review of an issue without staying proceedings below when a district judge notes in the relevant order that he believes such review is merited:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of

> Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). A district court cannot itself grant interlocutory review under this statute. A court of appeals may do so in its discretion, but only if the district court's order contains the required language. *See id*.

### B. Certification to a State Supreme Court

Under the Nevada Rules of Appellate Procedure:

> The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.

Nev. R. App. P. 5(a). A federal court may decide not to certify a question to a state supreme court where it would be inefficient and uneconomical. *See in re Sullivan*, 200 B.R. 682, 685 (Bankr. D. Nev. 1996). Although the Nevada Supreme Court will not entertain piecemeal questions that will not be determinative of any part of a federal case, it will consider questions that do not entirely dispose of a federal case. It has rejected the Wyoming view, which requires the state law questions to dispose of an entire case. *Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.3d 1161, 1164 & n.6 (Nev. 2006). It has also rejected the Maine and New York approaches, whereby certification is only appropriate if one possible answer will dispose of the entire case, or if the answer will dispose of at least one entire claim. *Id.* at 1164 & n.7. Nevada has adopted the California approach, whereby certification is granted if the answer may be determinative of part of the federal case, there is no controlling Nevada precedent, and the answer will help settle important questions of law. *Id.*

A district court's decision not to certify a question to a state court is reviewed for an abuse of discretion. *Thompson v. Paul*, 547 F.3d 1055, 1059, 1065 (9th Cir. 2008). A district court

deciding a state law issue that has not been addressed by the state's supreme court properly looks to, *inter alia*, other relevant cases from the controlling jurisdiction to determine how that state's high court would rule. *See Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003).

**III.   ANALYSIS**

    **A.   Interlocutory Review Under 29 U.S.C. § 1292(b)**

Because the Court in this case did not state that it was "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," Plaintiff asks the Court to amend its Order to so state, so that he may then appeal the issue to the Ninth Circuit while the case proceeds in this court. In other words, the present Motion before this Court is in effect a motion for this Court to reconsider its construction of Nev. Rev. Stat. § 608.250 and Nev. const. art. 15, § 16, or at least to amend its Order to the effect that there is a substantial ground for difference of opinion on the question.

In the Order, the Court found that the passage of Nev. const. art. 15, § 16 by referendum and the opinion of the Nevada Attorney General did not lead the Court to conclude that there is no other reasonable construction of Nev. const. art. 15, § 16 than that it repealed the exceptions for limousine drivers from minimum wage lawsuits in Nev. Rev. Stat. § 608.250. (#27 at 9–13). Plaintiffs urge the Court to reconsider and find instead that there is at least substantial grounds for difference of opinion, in accordance with the test for 28 U.S.C. § 1292(b) certification.

The test for certification under § 1292(b) is: "(1) that there be a controlling question of law; (2) that there be a substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). Plaintiffs can only show the first prong of this test. The second prong cannot be shown, and the third prong is doubtful.

First, there can be no doubt that there is a controlling question of law at issue. The Court's construction of Nev. Rev. Stat. § 608.250 and Nev. const. art. 15, § 16 have caused it to dismiss one of Plaintiffs' claims, whereas the construction Plaintiffs urge would clearly support the validity of the claim. Therefore, the first prong of the test is met.

Second, it is not clear whether an immediate appeal will materially advance the ultimate termination of the litigation. Here, Plaintiff is attempting to revive a dismissed claim via interlocutory review. It is difficult to see how this will do anything but prolong the litigation. Plaintiff argues that a class action under Nevada law will be more economical than a class action under FLSA and conducting a collective action notice under federal case law. *See Hoffman-LaRouche, Inc., v. Sperling*, 493 U.S. 165 (1989). Plaintiffs also argue that reversal on appeal will result in "protracted new litigation," but this is the case with nearly every motion to dismiss that a district court grants. It is not clear, in any case, that Plaintiffs will abandon their federal claims if allowed to sue on their state law claims. They did, after all, bring both claims in the Complaint, and the federal claim has survived a motion to dismiss. If anything, adding a state law claim could make the litigation more costly and protracted.

We come lastly to the second prong, which requires the most analysis. The following passage is helpful in understanding what constitutes "substantial grounds for difference of opinion":

> A requirement of the statute which allows certification of interlocutory appeals by the district court is that the district judge must be of the opinion that there is a substantial ground for difference of opinion over the controlling question of law certified for appeal. If a controlling court of appeals has decided the issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal. Disagreement among courts outside a particular circuit does not establish the "substantial ground for difference of opinion" required to support an interlocutory appeal. On the other hand, there is a substantial ground for difference of opinion which supports a certificate for an interlocutory appeal if a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented. *However, just because a court is the first to rule on a particular question*, or just because counsel contends that one precedent, rather than another, is

> controlling, does not mean that there is such a substantial difference of opinion as will support an interlocutory appeal.
>
> Determining whether the standard that a substantial ground for difference of opinion has been met requires an inquiry into the merits of the plaintiff's claim; additionally, a substantial ground for difference of opinion may be demonstrated by adducing conflicting and contradictory opinions of courts which have ruled on the issue. Furthermore, the mere fact that a substantially greater number of judges have resolved the issue one way rather than another does not tend to show that there is no substantial ground for difference of opinion, since it is the duty of the district judge faced with the motion for certification to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute.

4 Am. Jur. 2d *Appellate Review* § 123 (2009) (citations omitted) (emphasis added).

Plaintiffs have not shown a substantial ground for difference of opinion. They have provided no authority contrary to the Court's holding in the Order. The only legal document to which Plaintiffs cite is the Nevada Attorney General's non-authoritative opinion (#30 at 6:19–20), the reasoning of which the Court has already attacked in its Order. Next, Plaintiffs cite to information available on the Internet, including "many legal resource guides, law firms, and even the Nevada Labor Commissioner Michael Tanchek." (*Id.* at 6:21–22). These sources are not unbiased legal authority. They are not legal authority at all. Nor are they persuasive. These sources consist of outreach by law firms seeking clients, the opinion of the Labor Commissioner, and information disseminated by special interest groups. None of this is legal authority. A law review article might be more persuasive, though it would still not be authoritative.

The kind of "substantial grounds for difference of opinion" Plaintiffs must show is a difference of opinion between the district courts of this Circuit and/or the appellate courts of the state where this Court sits. There is no such difference of opinion. This Court's Order is the only opinion to interpret the issue at hand. If anything, Plaintiff could argue that the matter at hand is a novel and difficult matter of first impression. But just because a court is first to rule on a question does not itself make the question appropriate for interlocutory review under § 1292(b). *See Krangel v. Gen. Dynamics Corp.*, 968 F.2d 914, 915–16 (9th Cir. 1992). And although the question is a

matter of first impression, it is neither novel nor particularly difficult. It is a relatively straightforward matter of statutory interpretation. The Court's reasoning as to the construction of the Nevada Constitution with the statute at issue was sound.

As noted in the Order, implied repeal of a statute is "heavily disfavored" under Nevada law. *Washington v. State*, 30 P.3d 1134, 1137 (Nev. 2001). Such a construction will not be made "unless there is no other reasonable construction of the two statutes." *Id*. The Court further notes that even with respect to repeal of a statute by constitutional provision, as here, "[i]mplied repeal of one law through enactment of another does not occur, save when one is irreconcilably repugnant to the other, or by some other means intent to abrogate the earlier law is made evident." *Mengelkamp v. List*, 501 P.2d 1032, 1034 (Nev. 1972) (citing *Thorpe v. Schooling*, 7 Nev. 15 (1871)).

Moreover, *Menglekamp* is directly applicable to the present case. In that case, the Court ultimately found that the constitutional grant of the right to vote to all persons reaching the age of eighteen did not imply that the age requirement for holding public office had also been changed: "We cannot say that members of the public who cast their ballots to allow 18-year-olds to vote thereby manifested intent to abolish age requirements theretofore imposed on candidates for state office." *Id.* Likewise here, it cannot be said that those members of the public who cast their ballots to increase the minimum wage throughout the state, generally, also meant to repeal the categorical exemptions theretofore imposed on limousine drivers under Nev. Rev. Stat. § 608.250(2)(e). The statutory exemption is perfectly consistent with the Amendment, which raised the minimum wage generally, without mentioning already-existing categorical exemptions.

Nor does the presence of the definition of "employee" in the Amendment necessarily abrogate the exemption. This definition applies to the Amendment but does not necessarily repeal existing prohibitions on categories of workers. The definition of "employee" in the Amendment is clearly meant to exclude part-time, minor workers from the constitutional increase, not to revisit the exempt categories of full-time workers. The Nevada Attorney General opined that because the

1  Amendment fails to mention the statutory exclusions, that they are presumed to be repealed. But
2  as already noted, this is an incorrect statement of Nevada law, under which the presumption is
3  clearly the other way around. The Attorney General's construction would be analogous to holding,
4  for example, that the Nineteenth Amendment (prohibiting gender discrimination in voting, without
5  reference to race discrimination) repealed the Fifteenth Amendment (prohibiting race discrimination
6  in voting) by implication, and that the Twenty-Sixth Amendment repealed both of them (prohibiting
7  age discrimination in voting as against those who are eighteen years or older, without reference to
8  race or gender discrimination).

9      This is an issue of first impression, but the relevant law of statutory construction is clear, and
10 the issue is not exceedingly complex. There are no substantial grounds for differences of opinion.

11     **B.**    **Certification to a State Supreme Court**

12     Nevada will grant certification if the answer may be determinative of part of the federal case,
13 there is no controlling Nevada precedent, and the answer will help settle important questions of law.
14 *Id.*

15     Here, the answer will be determinative of part of the federal case, because the Court's
16 construction of Nev. Rev. Stat. § 608.250 and Nev. const. art. 15, § 16 has caused it to dismiss one
17 of Plaintiffs' claims. The answer will also help to settle an important issue of law. It is arguable
18 whether there is controlling Nevada precedent. There is no case law directly on point as to the
19 construction of Nev. Rev. Stat. § 608.250 and Nev. const. art. 15, § 16; however, the case law
20 concerning statutory interpretation is clear and on point. Under *Mengelkamp*, a constitutional
21 Amendment by referendum does not impliedly repeal a prior statute unless "one is irreconcilably
22 repugnant to the other, or by some other means intent to abrogate the earlier law is made evident."
23 *Mengelkamp*, 501 P.2d at 1034. Therefore, the Court will not certify this question to the Nevada
24 Supreme Court.

25

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Amend and Certify Order for Interlocutory Review or, in the Alternative, Motion to Certify Question to the Nevada Supreme Court (#30) is DENIED.

DATED: October 14, 2009

_____
Robert C. Jones
United States District Judge