UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY LUCAS, GREGORY H. CASTELLO, LILLIAN MELTON, LEAVON R. SMITH, ROBERT A. GREENE, JAMES A. BIGGS, LARRY DUTCHER, WILLIAM C. SACK, DONALD A SPEARCE, MERRILL L. CLAIR, BRADLEY J. EDWARDS, and LISA MEDFORD on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BELL TRANS, a Nevada Corporation; BELL LIMO, a Nevada corporation; and WHITTLESEA-BELL CORPORATION, and Does 1-50, inclusive,<br><br>Defendants. | 2:08-cv-01792-RCJ-RJJ<br><br>**ORDER**<br><br>PLAINTIFFS' MOTION FOR CIRCULATION OF NOTICE OF THE PENDENCY OF THIS ACTION PURSUANT TO 29 U.S.C. 261(B) AND OTHER RELIEF WITH MEMORANDUM IN SUPPORT THEREOF (#44) |

This matter comes before the undersigned Magistrate Judge on Plaintiff's Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. 261(b) and Other Relief with Memomarandum in Support Thereof (#44). The Court also considered Defendant's Response (#47) and Plaintiff's Reply (#52).

**BACKGROUND**

This is a Fair Labor Standards Act case. Plaintiffs assert that Defendant's compensation policies violate the Fair Labor Standards Act because they deprive limousine drivers of money due to them for time worked.

In their motion, Plaintiffs seek to circulate notice of the pendency of this case to other potential plaintiffs who may be in a similar situation to the named plaintiffs. Plaintiffs also ask

1  that the statute of limitations for bringing suit be tolled during the time this motion is pending
2  before the Court.  In support of their argument, Plaintiffs assert that Defendant's policies result in
3  many limousine drivers not receiving the pay they are legally due.  Plaintiffs assert that there are
4  now forty, and perhaps up to four hundred, limousine drivers who are or were affected by
5  Defendant's unlawful policies.  As a result, Plaintiff asks that they be provided with the names,
6  addresses, phone numbers, and email addresses of all limousine drivers that worked for
7  Defendant anytime since December 18, 2005 so that they can circulate notice of the pending
8  action, allowing them to opt-in to the case if they so desire.
9  Plaintiffs also ask the Court to toll the statute of limitations while the Motion (#44) is
10 pending.  In support, Plaintiffs argue that not tolling the statute of limitations will encourage
11 defendants to oppose certification requests without respect for the merits of the request.
12 Plaintiffs also state that they believe their request for a stay is justified.
13 In its Response (#47), Defendant argue the underlying merits of the case.  Defendants
14 declare that some of their drivers are exempt from the FLSA's overtime requirements, that
15 Plaintiffs cannot bring a claim for undue overtime under Nevada law, and that the Court should
16 decline supplemental jurisdiction on the state law claims because they are novel and complex.
17 To answer Plaintiffs' request to toll the statute of limitations, Defendant explains that equitable
18 tolling is rare, the exception, and absent extraordinary circumstances, should not be granted.
19 In their Reply (#52), Plaintiffs argue that they meet the "similarly situated" requirement
20 of 29 U.S.C. § 216(b) because they provided substantial allegations that the putative class was
21 subject to an unlawful policy or plan.  They also argue that there are no novel issues or
22 exceptional circumstances that would require the Court to deny supplemental jurisdiction
23 because lawsuits are routinely litigated that contain both FLSA claims and parallel Nevada labor
24 law claims. Additionally, Plaintiffs assert that the purpose of statutes of limitations is to be fair
25 to defendants and notify them of claims before they grow stale.  This purpose, Plaintiffs propose,
26 is circumvented when defendants cause the delay.  Plaintiffs also argue that where there is a
27 delay in the ruling on a motion for circulation of notice, that equitable tolling should be used to
28 preserve the rights of potential "opt-ins."

# DISCUSSION

## I. Circulation of Notice and Conditional Certification

The Fair Labor Standards Act allows an action to be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Employees must opt-in to the litigation because "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated grants the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. *Hoffman-La Rouche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

To certify a FLSA collective action, the court must evaluate whether the proposed lead plaintiffs and collective action group are similarly situated for purposes of § 216(b). *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Courts have split as to the proper methodology for determining whether the lead plaintiffs and collective group are similarly situated. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995). The most common approaches are: (1) putative class members are similarly situated if they meet all of the requirements of modern Rule 23 that do not "conflict" with the requirements of § 216(b); and (2) putative class members meet the requirements for § 216(b) if they are "similarly situated" under the plain meaning of that term and in light of the purposes of a collective action. *See Bayles v. American Medical Response of Colorado, Inc.*, 950 F. Supp 1053, 1058 (D. Colo. 1996).

The lead case asserting that putative class members are similarly situated if they meet all of the requirements of modern Rule 23 that do not "conflict" with the requirements of § 216(b) is *Shushan v. University of Colorado at Boulder*, 132 F.R.D. 263 (D. Colo. 1990) (holding that evaluating whether a purported group is similarly situated using Fed. R. Civ. P. 23 as a guide is proper because it promotes effective case management, prevents potential abuse, and protects the rights of all parties). The Fifth Circuit in *Mooney* explained this method as applied in *Shushan*:

> In application, the court determined that Congress intended the "similarly situated" inquiry to be coextensive with Rule 23 class certification. In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified. Under this methodology, the primary distinction between [a § 216(b)] representative action and a Fed.R.Civ.P. 23 class action is that persons who do not elect to opt-in to the [§ 216(b)] representative action are not bound by its results. In contrast, Rule 23 class members become party to the litigation through no action of their own, and are bound by its results.

*Mooney*, 54 F.3d at 1214. Therefore under this test, a plaintiff would need to show that they satisfy the requirements of Rule 23 or that a specific requirement is inconsistent with § 216(b). *Shushan*, 132 F.R.D. at 268.

However, the 1966 Advisory Notes to Rule 23 states that "[t]he present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23, as amended." Fed. R. Civ. P. 23 advisory committee's note. The court in *Bayles* stated that although the test in *Shushan* "represents a herculean effort to provide structure to the nebulous 'similarly situated' standard by turning to the time-tested notions of Rule 23," it is nevertheless wrong because it "adopts modern Rule 23 standards without explanation." *Bayles*, 950 F. Supp at 1063.

Other courts have determined whether putative class members meet the requirements for § 216(b) if they are "similarly situated" under the plain meaning of that term and in light of the purposes of a collective action. *Bayles*, 950 F. Supp. 1058. This approach involves a two-tiered method where the court first considers issuing an initial notice to prospective plaintiffs followed by a final evaluation after discovery is completed, usually on a motion to decertify. *Leuthold*, 224 F.R.D. 466-67 (N.D. Cal. 2004). The Fifth Circuit in *Mooney* explained this approach:

> ...the trial court approaches the "similarly situated" inquiry via a two-step analysis. The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more

information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.

*Mooney*, 54 F.3d at 1213-14 (footnotes omitted). The majority of courts use the two-tiered approach. *See e.g. Leuthold*, 224 F.R.D. at 466; *Lemus v. Burnham Painting & Drywall Corp.*, 2007 U.S. Dist. LEXIS 46785; 2007 WL 1875539 (D. Nev. 2007) (Magistrate Judge Leen); *Davis v. Westgate Planet Hollywood Las Vegas, L.L.C.*, 2009 U.S. Dist. LEXIS 5941; 2009 WL 102735 (D. Nev. 2009) (Magistrate Judge Leen). This test affords flexibility in weighing concerns for judicial economy against unfair prejudice to a defendant, tempered by the remedial purposes of the FLSA. *Bayles*, 950 F. Supp. at 1067. Despite the unpredictability of an ad hoc approach, there is no basis to conclude that the paradigm of Rule 23 can be engrafted upon § 216(b). *Id*.

At the first, or notice stage, the court relies primarily on the pleadings and any affidavits submitted by the parties to decide whether the potential class should be given notice of the action. *Davis*, 2009 U.S. Dist. LEXIS 5941 at *28; 2009 WL 102735 at *9 (*quoting Leuthold*, 224 F.R.D. at 466) (punctuation omitted). A fairly lenient standard applies to the first step determination and typically results in "conditional class certification" of a representative class. *Leuthold* at 467. At the initial notice stage, a plaintiff need only make substantial allegations that the putative class members were subject to a single decision, policy, or plan that violated the law. *Mooney* at 1214 n. 8.

Here, Plaintiffs assert that there are at least forty, and likely more, limousine drivers presently or previously employed by Defendant whose compensation plan violated the FLSA. In support of their argument, Plaintiffs have submitted two affidavits along with their motion, one from former Human Resources employee, Leslie A. Knoll-Montoya and another from former driver, James Biggs. Exs. A & B Attached to Plaintiffs' Motion (#44).

Both affidavits explain the remuneration policies and procedures enacted by Defendant. Ms. Knoll-Montoya stated that "deductions from pay may have caused drivers to go below minimum wage." Affidavit of Knoll-Montoya Ex. A Attached to Plaintiff's Motion (#44) at 4

1  lns. 22-23.  Mr. Biggs explained that he and others worked over forty hours a week without
2  receiving overtime pay.  Ex. B Attached to Plaintiff's Motion (#44) at 2 ¶¶ 3, 4.
3       Because the first step determination is subject to a fairly lenient standard and Plaintiffs
4  have made substantial allegations that the limousine drivers were subject to a policy, or plan that
5  allegedly violated the law, the requirements for an initial conditional class certification are met.
6  This Court makes no determination or finding regarding the second determination of whether,
7  after discovery has been completed, the conditional class certification will be perpetuated at trial.
8       This holding is consistent with previous cases from this and other districts.  *See e.g.*
9  *Davis*, 2009 U.S. Dist. LEXIS 594; 2009 WL 102735 (holding that plaintiffs made a sufficient
10 threshold showing where complaint and affidavits established that sales personnel in NV, FL,
11 and TN were subject to a common policy or practice by being compensated on a commission-
12 only basis which resulted in pay below minimum wage and/or not receiving overtime pay);
13 *Lemus v. Burnham Painting & Drywall Corp.*, 2007 U.S. Dist. LEXIS 46785; 2007 WL 1875539
14 (D. Nev. 2007) (holding that complaint allegations along with affidavits met the plaintiffs'
15 threshold burden where painters regularly worked in excess of forty hours per week without
16 overtime pay); *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986 (C.D. Cal. 2006) (holding
17 that plaintiff's complaint, affidavits and supporting exhibits asserted that Edwards routinely
18 worked unpaid overtime in violation of the FLSA, and that Edwards' experiences were shared by
19 other police officers, even when their job descriptions differed); *Leuthold v. Destination*
20 *America, Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004) (holding that even though extensive discovery
21 had already taken place, conditional class certification was still proper because not doing so
22 would prejudice plaintiffs, defendants were free to move for decertification after discovery was
23 completed, and the court should "begin at the beginning").  However, granting a conditional
24 certification now does not guarantee that certification will continue at trial.  *See Bayles* at 1057
25 (holding that even though a class was conditionally certified at the outset of litigation, that class
26 was now decertified after discovery proved that the class was not similarly situated).
27     Furthermore, during the pendency of this motion, Plaintiffs have already been granted
28 Rule 23 class standing for claims under NRS §§ 608.016, 608.040.  Order (#69).

**II. Tolling the Statute of Limitations**

Because the delay on this Motion was not caused by the parties, and because Rule 23 class status has already been granted for Plaintiffs' state law claims, the Court holds that the statute of limitations shall be tolled for the time that passed during the pendency of this litigation. *See Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199-200 (S.D.N.Y. 2006).

**CONCLUSION**

The Court finds that Plaintiffs have met the threshold burden to conditionally certify and circulate notice of pendency in this action to prospective class members. The statute of limitations will be tolled as requested in Plaintiffs' Motion (#44). The parties will be ordered to meet and confer in good faith in an effort to arrive at a mutually acceptable form of notice. When doing so, it may be helpful to the parties to consider Judge Jones' Order (#69).

///

///

///

///

///

///

**ORDER**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. 261(b) and Other Relief with Memomarandum in Support Thereof (#44) is **GRANTED**.

IT IS FURTHER ORDERED that counsel for the parties shall meet and confer in a good faith effort to arrive at a mutually acceptable form of notice, and shall submit a stipulation and proposed form of order no later than **October 11, 2010** in the event they are able to agree. In the event they are unable to agree, counsel shall have until **October 11, 2010** in which to submit a joint report identifying the portions of the notice on which they are unable to agree, and their competing proposals with respect to any portions of the notice on which they are unable to agree.

IT IS FURTHER ORDERED that the Defendants shall have until **October 18, 2010** in which to provide Plaintiffs with the names, addresses, phone numbers, and email addresses of the proposed class members.

DATED this 30th day of September, 2010.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge