MARIO P. LOVATO
Nevada Bar No. 7427
LOVATO LAW FIRM, P.C.
619 S. Sixth Street
Las Vegas, Nevada 89101
T: (702) 979-9047
F: (702) 554-3858
Attorney for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY LUCAS, GREGORY H. CASTELLO, LILLIAN MELTON, LEAVON R. SMITH, ROBERT A. GREENE, JAMES A. BIGGS, LARRY DUTCHER, WILLIAM C. SACK, DONALD A. SPEARCE, MERRILL L. CLAIR, BRADLEY J. EDWARDS, and LISA MEDFORD on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BELL TRANS, a Nevada corporation; BELL LIMO, a Nevada corporation; and WHITTLESEA-BELL CORPORATION, and Does 1-50, inclusive,<br><br>Defendants. | Case No. 2:08-CV-1792-GMN-RJJ |

## DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER

Defendants, by and through their counsel, move for a protective order from having to engage in eight depositions that involve premature class discovery, from having Defendants' executives deposed prior to determination of pending motions addressing whether Plaintiffs' Rule 23 class claim may proceed in light of the Court's ruling in related litigation that there is no merit to such claim, and precluding depositions scheduled by Plaintiffs for purposes of harassment such as the depositions of Defendants' executives and deposition of its litigation co-counsel.

DATED: May 10, 2011.

LOVATO LAW FIRM, P.C.

_/s/ Mario Lovato_
MARIO P. LOVATO
Nevada Bar No. 7427
Attorney for Defendants

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

### I.

4

### STATEMENT OF FACTS

5
Plaintiffs are limousine drivers who have filed suit against their employers, Bell

6
Trans, Bell Limo and their parent company. Plaintiffs have essentially three remaining

7
claims in this case. Two of the claims are federal claims under the federal Fair Labor

8
Standards Act: a federal FLSA minimum wage claim and a federal FLSA overtime

9
claim. The third claim is a claim purportedly arising under NRS 608.016.

10
### A.      PLAINTIFFS' RECENT DISCOVERY.

11
Plaintiffs recently served notices of eight depositions.[1] The deponents are each

12
of the following:

13
- Larry Bell;

14
- Brent Bell;

15
- Brad Bell;

16
- Mark Trafton;

17
- Paul Baldarelli;

18
- Breck Opeka;

19
- Jeanne O'Doan and/or PMK re Defendant Bell Limo's Payroll, Tax
Reporting and Human Resources Policies; and

20

21
- Cheryl Knapp and/or PMK re Defendant Bell Limo's Payroll, Tax
Reporting and Human Resources Policies.

22
*See* Plaintiffs' Deposition Notices, attached as **Ex. 2**.

23
Larry Bell, Brent Bell and Brad Bell are executives of Bell Trans and Bell Limo.

24
Paul Baldarelli and Breck Opeka are top management. Mark Trafton is litigation co-

25
counsel for Defendants. As further detailed, below, these depositions have been

26
scheduled largely for their harassment value.

27

28
---

[1]     Except where otherwise indicated, this Statement of Facts is supported by the Declaration of Mario P. Lovato, Esq., attached as **Ex. 1**.

Plaintiffs seek to engage in premature class discovery.  This is shown by the depositions of Jeanne O'Doan and Cheryl Knapp, which include "person most knowledgeable" demands.  Along with these deposition notices, Plaintiffs served document requests.  Although most of the pertinent documents have already been produced, including driver trip sheets, the requests further indication intention to engage in class litigation.

### B.    THERE IS NO PERMISSIBLE CLASS DISCOVERY.

### 1.    There is no certified federal collective action in this case.

Plaintiffs have not obtained a final order certifying a collective action under the FLSA.  On September 30, 2010, Magistrate Judge Johnston issued an Order pertaining to Plaintiffs' Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. 216(b).  *See* Order (Docket No. 112).  Defendants have filed, however, an Objection / Motion to Reconsider that remains pending before the Court.  *See* Objection / Motion to Reconsider (Docket No. 117).  There is no certified collective action in this case.

### 2.    The Court has entered orders showing Plaintiffs have no proper state claim for relief, eliminating the possibility that their state class claim can go forward.

Plaintiffs have pursued claims under Nevada state law that have no merit.  The principal state law claim is one being made pursuant to NRS 608.016.  The other claims are merely additional remedies, such as statutory delay damages or attorneys' fees.  For the NRS 608.016 claim, the court granted Rule 23 class certification.  On June 9, 2010, however, the Court entered an order granting summary judgment in related litigation that shows Plaintiffs' only remaining state law claim has no merit.  This has led to the strange situation in this case where the claim with by far the greatest potential value is a claim under NRS 608.016 that is on the verge of being eliminated.  Because the claim is about to be eliminated, it makes sense to await the court's ruling on the matter, rather than engage in protracted and wasteful discovery on a false and meritless claim.

The Court has made a progression of rulings that eliminate Plaintiffs' state law claims. It has done so in this case as well as the sister litigation involving identical claims made by Plaintiffs and their counsel against another Nevada limousine company. Both cases—this case and the case of *Greene v. Executive Coach and Carriage*—have been litigated before the same judge at the same times. They were filed by the same Plaintiffs' counsel. They even involve the same Plaintiff: Robert Greene is the only named plaintiff in the *Greene* case and is one of the named plaintiffs in this case. In both cases, the Court has dismissed Plaintiffs' state law minimum wage claim along with Plaintiffs' state law overtime claims.

The final significant state law claim in both cases is a claim under NRS 608.016. The two cases use exactly the same complaint, merely changing party names. The pertinent facts and allegations of the NRS 608.016 claim are the same: that Plaintiffs, who are paid on a commission-only basis, should be paid additional amounts for times when they are not actually receiving a commission for productive work.

In *Greene*, Defendant filed a motion for summary judgment as to the remaining state law claims. Defendant asserted that Plaintiffs were misinterpreting NRS 608.016 by failing to insert definitions of the term "wages," which come from statutory definition sections in NRS Chapter 608. Such definitions expressly allow payment by way of commissions, eliminating Plaintiffs' argument that they are entitled to some sort of hourly wage under Nevada state law.

In *Greene*, on June 9, 2010, the Court granted Defendant's motion for summary judgment as to state law based claims. *See* Order dated June 9, 2010 (*Greene*), attached as **Ex. 3**. All remaining state law claims were eliminated, including the principal claim under NRS 608.016. Judge Jones held that the claim fails as a matter of law. In the decision, Judge Jones stated, inter alia, that Plaintiffs were misinterpreting the statutes in question. In his Order, Judge Jones stated:

> Defendant's interpretation of the applicable statutes is correct. Very simply, this is a case involving a commission-based agreement entered into by Plaintiff. Applying Nevada Revised Statute § 608.016 to commission-only pay structures, such as the present case, would render meaningless the wages definition, which explicitly embraces

4

commission-based pay. *See* Nev. Rev. Stat. § 608.012. Section 608.016 must be read to complement the minimum wage statute, eliminating any potential loophole created by an employer requiring certain work obligations from an hourly employee, but failing to compensate them for that time. In contrast, Plaintiff's interpretation renders commission-only based wages illegal. Even with a traditional salesperson, an employer would be violating Nevada Revised Statute § 608.016 every time an employee worked on a sale, but failed to close, and thus failed to make any commission.

The statutory language in this case is sufficiently clear in this case. The law explicitly provides for commission-based pay. Nev. Rev. Stat. § 608.012. Plaintiff is paid a commission for every fare that he collects. Plaintiff's claims based on § 608.016 are inapplicable to commission-based pay structures like the one entered into by Plaintiff and Defendant.

Order (Greene) dated June 9, 2010 at 6-7. (Greene No. 31), attached as Ex. 5. NRS 608.016, along with related definitional statutes, specifically authorizes commission-only compensation. This is the compensation system used by Nevada limousine companies, including the Defendants in *Greene* and in this case.

The reasoning from Judge Jones' Order applies with equal force in this case. Plaintiffs' remaining state law claims are ***exactly the same***. The Complaints have exactly the same wording. Plaintiff-drivers in both cases agree that they are paid on a commission-only basis. Plaintiffs' class claim under NRS 608.016 fails in this case for the same reasons stated by Judge Jones in his Order in the *Greene* case. In the Order, Judge Jones made specific reference to this case, reasoning that his Order certifying a Rule 23 class, as well as his order denying the initial motion to dismiss, did not address the merits of the state law claims. Addressing the merits in his summary judgment Order, Judge Jones found the claim to have no merit as a matter of law. He stated:

Plaintiff relies heavily on this Court's decision in *Lucas v. Bell Transportation*, quoting from the decision to deny the defendant's motion to dismiss on the issue of a claim based on Nevada Revised Statute § 608.016. Specifically, Plaintiff references the Court's determination that the plaintiffs had stated a cause of action by alleging that they had not received pay for attending training and other non-driving time.

June 9, 2010 Order at 5. The Court then rejected the argument. The Court stated:

> But this reliance is misplaced. The decision in *Lucas v. Bell Transportation* was a motion to dismiss and the order does not address whether Nevada Revised Statute § 608.016 is applicable to employers such as Defendant. (*Lucas v. Bell Trans.*, 08-cv-01792, June 23, 2009 Order at page. 8, #21 Ex. A).

*Id.* Judge Jones' decision directly addresses the question at hand. His reasoning applies with equal force in this case.

Shortly after the decision was entered by the court, Defendants in this case filed a motion for summary judgment as to state law claims. Defendants filed the motion on June 15, 2010. *See* Motion (Docket No. 92). The motion remained pending for nearly a year.

In this case, on February 25, 2011, Judge Navarro struck Defendants' Motion for Summary Judgment as to State Law Based Claims, stating that the dispositive motion filing deadline had passed. *See* Order at 17 (Docket No. 127). When the Court entered its Order, however, the deadline for filing dispositive motions was August 25, 2011. *See* Stipulation to Modify Scheduling Order (Docket No. 126); *see also* Order Granting Motion to Modify Scheduling Order (setting the preceding December of 2010 deadline) (Docket No. 115).

On March 18, 2011, Defendants re-filed the motion for summary judgment as to state law claims so that it can be heard on the merits. *See* Motion (Docket No. 129). Plaintiffs filed their opposition. On April 28, 2011, Defendants filed their reply brief (Docket No. 134). The Motion is pending before the Court.

Recently, Judge Navarro entered an Order confirming Judge Jones' reasoning in his June 9, 2010 Order. In mid-2010, the two cases were transferred to the Honorable Judge Gloria Navarro. After the reassignment, Plaintiff in the *Greene* case filed a motion to reconsider Judge Jones' June 9, 2010 Order in *Greene*. Judge Navarro denied the motion, finding, inter alia, that Judge Jones' Order thoroughly addressed the question at hand. This Court stated:

> Judge Jones provided a thorough analysis of the statutes in question and applied them to the facts of this case to rule that Plaintiff did not have a cause of action as a matter of law.

Order (*Greene*) dated March 7, 2011 at 3 (*Greene* No. 55), attached as **Ex. 4**. With Judge Navarro's decision, there can be little question but that Plaintiffs' claim under NRS 608.016 will be eliminated. The claim is based on a misinterpretation of the statute in question. Since the claim is on the verge of elimination, class discovery addressing the claim should be delayed so that the Court can consider Defendants' motion for summary judgment as to state law based claims.

**3.    In response to Defendants' re-filing of their motion for summary judgment as to state law claims, Plaintiffs serve abusive and wasteful discovery.**

Seeing that that application of Judge Jones' reasoning will cause Plaintiffs' state law claims to be eliminated, Plaintiffs have decided to serve wide-ranging discovery for harassment purposes. On April 21, 2011, Plaintiffs served eight deposition notices. *See* Deposition Notices, attached as Ex. 2. These include depositions of three executives of Defendant companies, the depositions of two top management representatives, and even the deposition of Defendants' litigation co-counsel, Mark Trafton.

**4.    Plaintiffs' abusive discovery and other tactics that violate Defendants' rights under the FLSA.**

Over the last couple months, Plaintiffs have asserted a right to engage in abusive litigation tactics that are not permitted in FLSA claims. For example, Plaintiffs assert the right to directly contact potential members of the federal collective action. Under the FLSA, potential opt ins can only be contacted through court-approved notice. Yet, in their Opposition to Defendants' Objection / Motion to Reconsider, Plaintiffs state: "It is well settled that, once they have obtained the names and addresses, plaintiffs' counsel may contact potential plaintiffs to inform them of the rights to join the collective action." In compliance with a portion of the Magistrate Judge's Order relating to Plaintiffs' Motion to Service Notice of Pendency, Defendants have served name and address information of its drivers to Plaintiffs' counsel. Plaintiffs' position that they free to directly contact drivers causes Defendants to be at risk of having Plaintiffs circumvent the requirements of the FLSA.

7

1
2
3
4
5

Even though there is no final order certifying a collective action, Plaintiffs assert the right to engage in class discovery.  Even though the Court has entered an Order that shows that Plaintiffs' state law claim fails as a matter of law and is based on a misreading of the statute in question, Plaintiffs assert a right to engage in wide ranging class discovery.

6

### 5. Plaintiffs' abusive tactics in connection with the latest discovery.

7
8
9
10
11
12
13

Defense counsel has had numerous telephone calls with Plaintiffs' counsel's office regarding the recent deposition notices and discovery.  Plaintiffs unilaterally set dates for the depositions, which one would expect to change to dates that are mutually agreeable.  During this time period, defense counsel has been obtaining dates, and has provided dates for certain depositions, informed Plaintiffs' counsel of the status of obtaining other dates, and agreed that Reno personnel would have their depositions taken in Las Vegas.

14
15
16
17
18
19

Defense counsel has attempted to resolve the dispute.  Prior to May 5, 2011, defense counsel engaged in telephone calls with Plaintiffs' counsel's assistants / paralegals on several occasions regarding the deposition dates.  On May 5, 2011, defense counsel sought to speak with Plaintiffs' counsel, but was only able to leave a message for him.  Defense counsel  also left a message with an assistant / paralegal in Plaintiffs' counsel's office.

20
21
22
23
24
25
26

On May 6, 2011, Plaintiffs' counsel and defense counsel spoke by telephone. Defense counsel raised concerns that the parties would be engaging in wasteful discovery that would likely prove pointless given Judge Jones' Order holding that there is no valid claim under NRS 608.016.  In addition, there is no certified FLSA collective action.  Defense counsel communicated that he was obtaining dates, and would provide them, but that he would likely be required to file a motion for protective order if Plaintiffs' counsel sought to engage in class discovery of a meritless state law claim.

27
28

Plaintiffs' counsel would not agree to any limitation on the class discovery. Rather, he seeks to harass and annoy Plaintiffs' executives by continuing to pursue a meritless claim.  Defense counsel stated he would have dates available for all the

deponents by early the following week, with some of the dates provided before then, but that defense counsel would have to file a motion for protective order if the parties could not agree on a limitation relating to the NRS 608.016 class claim. During the telephone call, Plaintiffs' counsel stated that he would re-notice the depositions for two weeks later. Nevertheless, at 5:12 that day, which was a Friday, Plaintiffs' counsel sent a letter stating that he would not reschedule any depositions, but rather, that he would file a motion to compel. *See* May 6, 2011, 5:12 p.m. letter from Plaintiffs' counsel to defense counsel, attached as **Ex. 5**. In response, at approximately 6:00 p.m., defense counsel sent correspondence that corrected statements made in Plaintiffs' counsel's letter, and providing dates that had been obtained for the depositions of Larry "Chip" Bell and Paul Baldarelli. *See* May 6, 2011 letter from defense counsel to Plaintiffs' counsel, attached as **Ex. 6**.

On Monday, May 9, 2011, defense counsel was required to travel to the location of Plaintiffs' first-scheduled deposition because Plaintiffs' counsel would not re-notice the deposition for any of the dates provided by defense counsel. Upon arriving at the court reporter's office where the deposition had been noticed to take place, defense counsel learned from the office personnel that Plaintiffs' counsel had canceled the deposition. Plaintiffs' counsel had provided no notice of the cancellation.

Plaintiff has sent additional correspondence stating that he intends to file a motion to compel even though he is already aware that Defendants are filing a motion for protective order.

## II.

## ARGUMENT

### A. TO AVOID POTENTIAL WASTE AND NEEDLESS DISCOVERY, CLASS DISCOVERY SHOULD AWAIT THE COURT'S DECISIONS ON THE PENDING MOTIONS.

Under Rule 26(c), a party subject to discovery may file a motion for protective order that seeks protection from, inter alia, premature or abusive discovery.

Prior to certification of a class action, discovery is generally limited and in the discretion of the court. *See, e.g., Tracy v. Dean Witter Reynolds,* 185 F.R.D. 303, 304

(D. Co. 1998).   Generally, the plaintiff bears the burden of showing that discovery is likely to produce substantiation of the class allegations.   *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006), *citing Tracy*, 185 F.R.D. at 305.

To avoid waste in class action litigation, discovery is often delayed while motions relating to the validity of the claims remain pending.   This is done so as to ensure that there is only one round of discovery.   It is also done to avoid wasteful discovery that is rendered useless in the event that certain class claims do not go forward.   As stated by Wright & Miller:

> Because of the complexity of most class actions and the numbers of people involved, the ***management of discovery to avoid duplicative and conflicting inquiries*** also is particularly important. Indeed, discovery often proves to be the most protracted phase of class-action litigation. Thus, the court must maintain strict control over discovery in actions under Rule 23, and the class, except upon good cause shown, should have one overall opportunity for such discovery, just as if it were a single plaintiff.

Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1796.1 Discovery in Class Proceedings (emphasis added).

In this case, class discovery should be delayed until the Court addresses whether a federal collective action will go forward in the manner requested, and whether the state law claim will go forward.   Given that both Judge Jones and Judge Navarro have entered orders confirming that Plaintiffs' NRS 608.016 claim is without merit, Plaintiffs do not have a proper basis to immediately engage in class discovery.   Rather, the parties should await the Court's ruling on Defendants' motion for summary judgment, thereby avoiding expensive and wasteful discovery on a meritless claim.

### 1.    The Court has not certified a federal collective action.

The law governing FLSA collective actions uses a two-stage analysis for whether to allow a collective action to proceed.   Under such analysis, the plaintiff is to file a motion for collective action early in the discovery process, which, if granted, is addressed for a second time at or about the close of discovery.   *See Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 212 (N.D. Cal. 2007) (detailing Ninth Circuit's two-tier approach of addressing a motion for certification early in discovery period and

revisiting the question at the time discovery concludes, after the parties have had the opportunity to conduct discovery into the issues raised by the motion); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1137 (D. Nev. 1999) (applying same procedure in this district).

In this case, the Court has not entered an Order holding that there is a certified collective action.  While the Magistrate Judge entered such an Order, Defendants filed an Objection / Motion to Reconsider that remains pending with the Court.  The  result is that there is no certified collective action in this case.

**2.     The Court has entered Orders holding that Plaintiffs' state law claim is without merit.**

Plaintiffs also have no reasonable basis for pursuing a Rule 23 class action.  In 2009, Plaintiffs obtained an order that certified a Rule 23 class action.  On June 9, 2010, however, an Order was entered as to the identical claim in the *Greene* case.  The Court's Order held that Plaintiffs' state law claims failed as a matter of law.

Since the NRS 608.016 claim in this case is exactly the same claim as in *Greene*, involving exactly the same pertinent fact allegation, the Order's reasoning applies with equal force in this case.  Plaintiffs have no good basis for pursuing a meritless class claim in this case.

**3.     Rule 23 class actions cannot coexist in the same case with a FLSA case.**

"[T]he policy behind requiring FLSA plaintiffs to opt in to the class would largely 'be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement.'"  *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004), *citing Rodriguez v. The Texan, Inc.*, 2001 WL 1829490, *2, 2001 U.S. Dist. LEXIS 24652, *3 (N.D. Ill. 2001).

In 2007, a judge in this District agreed that state law class action claims cannot properly be combined with FLSA collective action claims.

> The Court follows the latter line of cases and finds that the class action mechanisms of the FLSA and Rule 23 are incompatible. It would be inappropriate to permit Plaintiffs' attempt to circumvent the restrictive opt-in requirements of

> the FLSA by utilizing the borrowing statute of California Business and Professions Code Section 17200. . . [and] to escape the stricter FLSA statute of limitations by taking advantage of the Section 17200 four-year limitations period. Therefore, permitting Plaintiffs to use Section 17200 as a vehicle for their FLSA claims would violate Congress's intent to manage FLSA claims through the stricter opt in process.

*Williams v. Trendwest Resorts, Inc.*, 2007 WL 2429149, at *4 (D. Nev. 2007).

Judge Navarro, who is the judge in this case, has agreed with this analysis. Judge Navarro has held that state law class action claims cannot coexist in the same case as FLSA claims. In *Daprizio v. Harrah's Las Vegas, Inc.*, WL 3259920, at *6 (D. Nev. 2010), she cited *Leuthold* with approval, quoting its reasoning that" "[T]he policy behind requiring FLSA plaintiffs to opt in to the class would largely 'be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement.'" Judge Navarro added to such reasoning, stating:

> Because of the tension between the opt-in procedure of an FLSA collective action and the opt-out procedure of a garden-variety Rule 23 class action, a conflict exists. *See, e.g., Rose v. Wildflower Bread Co.*, No. CV09-1348-PHX-JAT, 2010 WL 1781011, at *3 (D.Ariz. May 4, 2010). The Ninth Circuit has stated even more broadly in dicta that "[c]laims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA." *Williamson*, 208 F.3d at 1154.

*Daprizio,* WL 3259920, at *6 (D. Nev. 2010).

### B.   PLAINTIFFS ARE PREJUDICING DEFENDANTS' BY ATTEMPTING TO IMPROPERLY CIRCUMVENT REQUIREMENTS UNDER THE FLSA.

The key to *Leuthold, Williams,* and *Daprizio* is the recognition that Congress sought to protect defendants in FLSA claims from the intrusiveness and harm caused by opt-out class actions. The FLSA only allows opt-in wage claims. *Leuthold, Williams,* and *Daprizio* preclude plaintiffs from employing state-based remedies to circumvent the defendants' rights in FLSA actions.

Plaintiffs are seeking to do just this. Plaintiffs assert the right to directly contact potential opt-ins. They claim such a right because they assert that every former driver in the current state-law class action is already Plaintiffs' client. In asserting such a right,

1   Plaintiffs are subverting Defendants' rights under the Fair Labor Standards Act.  The
2   FLSA action can only be an opt-in action.  Also, under the FLSA, communication with
3   potential opt-ins is managed through court-approved notice.  Plaintiffs openly and
4   improperly claim the right  to subvert the notice procedure employed by the FLSA.

5          In compliance with the Magistrate's Order—which is currently being "appealed" to
6   the court through the objection / motion to reconsider procedure—Defendants have
7   produced a list of names and last known address for drivers it employed since 2005.
8   Plaintiffs' argument regarding a right to directly contact such drivers causes Defendants
9   to have a reasonable basis for insecurity that such list of names will be improperly used
10  by Plaintiffs and their counsel.

11         Plaintiffs employed a similar abusive tactic relating to the Magistrate Judge's
12  Order relating to the Motion to Approve Notice of Pendency.  In their Motion, Plaintiffs
13  sought approval of an **FLSA** notice of pendency.  Yet, after the Magistrate Judge
14  granted such Motion, Plaintiffs claimed the right to circulate a notice that referenced
15  ***both the FLSA and the Rule 23 class claim***.  See Plaintiffs' Proposed Class Notice
16  and Order (Docket No. 119).  Plaintiffs filed this even though their Motion and proposed
17  notice attached to such Motion made no reference to the Rule 23 class action.

18         Courts in this circuit have held that a notice referencing both an FLSA and a state
19  law class action improperly prejudices Defendants' rights.  "Confusion would likely result
20  in asking potential plaintiffs both to opt in and to opt out of the claims in this suit."
21  *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004) (emphasis
22  added).  It would be difficult to fashion an effective notice to prospective class members
23  that explained their opportunity to opt in to the FLSA collective action as well as their
24  choice to opt out of the class action.  *Thiebes v. Wal-Mart, Inc.*, 2002 WL 479840 (D.
25  Or. 2002); *De La Fuente v. FPM Ipsen Heat Treating, Inc.*, 2002 WL 31819226, 8 WH
26  Cases 2d 1279 (N.D. Ill. 2002).  Plaintiffs seek, however, to undermine Defendants
27  rights under the FLSA by having the tail of the state claim "wag the dog" of the FLSA
28  claims.  This is made much worse by the fact that Plaintiffs are pursuing a phony state
    claim that is based on a refusal to properly interpret the state statute in question.

1  Plaintiffs should be precluded from engaging in premature class discovery.  In

2  addition, an order should be entered precluding Defendants from using the list of names

3  and addresses for any purpose other than that approved by the Court.

**C.     PLAINTIFFS SHOULD BE PRECLUDED FROM USING OTHER
4        ABUSIVE DISCOVERY TACTICS.**

5  Plaintiffs should be precluded from taking Defendants' counsel's deposition.

6  Plaintiffs have noticed the deposition of Mark Trafton, co-counsel for Defendants in this

7  case.  Plaintiffs noticed the deposition without explanation as to why such deposition is

8  needed.  It appears that the deposition was noticed to engage in abusive discovery

9  tactics and to inquire of privileged matters.

10  Plaintiffs refuse to adjust any deposition dates.  Defense counsel has informed

11  Plaintiffs' counsel that it was obtaining potential dates.  Defense counsel had provided

12  various dates for certain deponents, and is obtaining additional dates.  Nevertheless,

13  Plaintiffs' counsel sent correspondence after 5:00 p.m. on the Friday before the first

14  scheduled deposition that refused to reset dates, contrary to what Plaintiffs' counsel had

15  stated by telephone.  Plaintiffs' counsel was forced to travel to the deposition location to

16  learn that the deposition had been canceled.

17  Defendants do not object to all discovery or to all depositions.  As stated in

18  conversations with Plaintiffs' counsel, Defendants object to abusive and wasteful

19  discovery.  The Court has made clear that there is no good claim under state law.

20  Since Defendants have sought for nearly a year to have the court's reasoning applied in

21  this case, there is no good reason to suddenly engage in extensive discovery on the

22  matter.  In addition, if and when a federal collective action is certified, the opt-in cutoff

23  date will usually be used as the new date to amend / add parties, resulting in extended

24  discovery deadlines.  There is no good reason to engage in the wasteful discovery

25  sought by Plaintiffs while these matters are pending before the Court.

26  Plaintiffs request an order precluding the deposition of Defendants' co-counsel,

27  Mark Trafton, as well as an order addressing Plaintiffs' abusive discovery tactics in this

28  case.

**III.**

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

Defendants request a protective order delaying the litigation of the state law claim under NRS 608.016 until such time as the Court rules on Defendants' motion for summary judgment as to state law based claims. Defendants also request an order precluding the taking of the deposition of Defendants' co-counsel in this litigation, as well as an Order addressing Plaintiffs' counsel's abusive and unnecessary tactics in relation to scheduling the depositions in this matter.

DATED: May 10, 2011.

LOVATO LAW FIRM, P.C.


_____/s/ Mario Lovato_____
MARIO P. LOVATO
Nevada Bar No. 7427
Attorney for Defendants

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that, on May 10, 2011, I served a copy of this **DEFENDANTS'**

3    **EMERGENCY MOTION FOR PROTECTIVE ORDER** via electronic means in

4    accordance with the court's order requiring electronic service in this case, and that it

5    was served on all parties registered with the court's CM / ECF system of electronic

6    service.

7
                                        _____/s/ Mario Lovato_____
8                                        An employee of Lovato Law Firm, P.C.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28