**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ANTHONY LUCAS, *et al.*, | ) | Case No.: 2:08-cv-1792-GMN-RJJ |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| BELL TRANS, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendants' Motion to Reconsider the Magistrate Judge's September 20, 2010 Order (ECF No. 117). Plaintiffs filed a Response (ECF No. 122) and Defendants filed a Reply (ECF No. 125).

**FACTS AND BACKGROUND**

Magistrate Judge Johnston issued an Order (ECF No. 112) approving of Plaintiffs' proposed Notice for circulation to prospective class members. In granting the motion, the Court ordered that the Defendants shall provide Plaintiffs with the names, addresses, phone numbers, and e-mail addresses of the proposed class members. Defendants object to the portion of the Order that directs them to provide the phone number and e-mail addresses of proposed class members. Defendants argue that requiring this information (1) is contrary to the purpose for having a set, preapproved, written notice that is sent to the former and current employees; (2) it violates employee privacy; and (3) it serves no purpose other than to facilitate violations of the strict Nevada prohibition on direct solicitations of potential clients.

**DISCUSSION**

Local Rule IB 3-1 provides that "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil . . . case . . . where it has been shown that the

magistrate judge's ruling is clearly erroneous or contrary to law." This clearly erroneous standard is significantly deferential to the initial ruling, and this Court will only overturn the magistrate judge's decision if, upon review, the Court is left with a definite and firm conviction that a mistake has been made. *See David H. Tedder & Associates, Inc. v. United States*, 77 F.3d 1166, 1169-70 (9th Cir.1996).

Plaintiffs requested that the Magistrate Judge issue an order that they be immediately provided with the names, addresses, phone numbers and e-mail addresses of Defendants' limousine drivers who worked for Defendants at any time since December 18, 2005 in their motion for a circulation of notice. (Motion for Notice 12:10-12, ECF No. 44). In their response to Plaintiffs' request, Defendants failed to address why providing the phone numbers and e-mail addresses would be improper in their Response. (*See* Response to Motion for Notice, ECF No. 47). The Magistrate Judge's reasons for ordering the phone numbers and e-mail address are not given. However, it does not appear that the ruling is clearly erroneous or contrary to law.

Many decisions in the Ninth Circuit ruling on motions for collective action notices under FSLA and for class certification have rejected the request for telephone numbers. *See Stickle v. SCI Western Market Support Center, L.P.*, 2009 WL 3241790, at *7 (D. Ariz. Sept. 30, 2009)(supplying the phone numbers of current and former employees seemed like a needless intrusion into the privacy of those individuals); *Parks v. Eastwood Ins. Services, Inc.*, 2002 WL 34370244, at *5 (C.D. Cal. July 29, 2002)(warning that production of telephone numbers presents a greater risk of improper solicitation), *citing Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171(1989); *see also Campbell v. Pricewaterhouse Coopers, LLP*, 2008 WL 2345035 (E.D. Cal. Jun. 5, 2008) (denying disclosure of telephone numbers because it would violate the employees' privacy rights).

However, there also exist many Ninth Circuit cases that have allowed plaintiffs to

collect phone numbers and e-mail addresses of proposed class members under FSLA. *See Labrie v. UPS Supply Chain Solutions, Inc.*, 2009 WL 723599, at *8 (N.D.Cal. Mar. 18 2009)(ordering defendants to provide e-mail addresses and telephone numbers of potential plaintiffs); *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, 2009 WL 102735, at *13 (D.Nev. Jan. 12, 2009)(ordering defendants to provide e-mail addresses to plaintiffs, however plaintiffs were only allowed to notify the putative class members via e-mail and U.S. mail); *Goudie v. Cable Communications, Inc.*, 2008 WL 4628394, at *9, (D.Or. Oct. 14, 2008) (ordering phone numbers after defendant objected to these items).

Pursuant to *Hoffmann-La Roche Inc.* the Court has discretion and "a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." 493 U.S. at 170–71. Thus it is within the Court's discretion to order Defendants to give Plaintiffs whatever information it deems necessary in order for the Plaintiffs to notify potential class members. While this Court has previously denied requests for phone numbers, the decision was based on the particular facts of the case. The Magistrate Judge's decision to allow phone numbers in this case was within his discretion based on the arguments and facts before him. There is sufficient persuasive law within this circuit that demonstrates that a court has the discretion to order telephone numbers and e-mail addresses be given to plaintiffs in FSLA actions. The Court finds that Magistrate Judge Johnston's Order for Defendants to give Plaintiffs telephone number and e-mail addresses is not clearly erroneous or contrary to law.

Further, Defendants had the opportunity to object to Plaintiffs' request for phone numbers and e-mail addresses when the request was initially before the Magistrate Judge but they failed to do so. Now, Defendants now have a higher burden to show that the Magistrate Judge's Order was clearly erroneous or contrary to law. Defendants have failed to meet this burden. Therefore, Defendants' motion is DENIED.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Reconsider Magistrate Judge's Order (ECF No. 117) is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants shall have **until June 3, 2011** to provide Plaintiffs with the names, addresses, phone numbers, and e-mail addresses of the proposed class members.

**DATED** this 19th day of May, 2011.

_____
Gloria M. Navarro
United States District Judge