MARIO P. LOVATO
Nevada Bar No. 7427
LOVATO LAW FIRM, P.C.
619 S. Sixth Street
Las Vegas, Nevada 89101
T: (702) 979-9047
F: (702) 554-3858
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY LUCAS, GREGORY H. CASTELLO, LILLIAN MELTON, LEAVON R. SMITH, ROBERT A. GREENE, JAMES A. BIGGS, LARRY DUTCHER, WILLIAM C. SACK, DONALD A. SPEARCE, MERRILL L. CLAIR, BRADLEY J. EDWARDS, and LISA MEDFORD on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

BELL TRANS, a Nevada corporation; BELL LIMO, a Nevada corporation; and WHITTLESEA-BELL CORPORATION, and Does 1-50, inclusive,

Defendants.

CASE NO. 2:08-CV-1792-GMN-RJJ

**DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER, TO COMPEL COMPLIANCE WITH MAGISTRATE'S ORDER, AND FOR RULE 37 AND OTHER SANCTIONS AND CURATIVE REMEDIES**

Defendants, by and through counsel, submit this Emergency Motion For Protective Order, Emergency Motion To Compel Compliance With Magistrate's Order, And Motion For Rule 37 And Other Sanctions And Curative Remedies

DATED: June 29, 2011.

LOVATO LAW FIRM, P.C.

/s/ Mario Lovato
MARIO P. LOVATO
Nevada Bar No. 7427
Attorney for Defendants

**CERTIFICATE IN SUPPORT OF EMERGENCY BASIS FOR MOTION**

**1.    Contact information of counsel.**

   a.    Plaintiffs' counsel:

Mark Thierman, Esq.
Jason Kuller, Esq.
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511
Tel: (775) 284-1500
Fax: (775) 703-5027
jason@thiermanlaw.com
jasmin@thiermanlaw.com (believed to be Mark Thierman's assistant / paralegal)

   b.    Defendants' counsel:

Mario P. Lovato, Esq.
Nevada Bar No. 7427
Lovato Law Firm, P.C.
619 S. 6th St.
Las Vegas, NV 89101
Tel: (702) 979-9047
Cell: (702) 338-4651
Fax: (702) 554-3858
mpl@lovatolaw.com

Anthony L. Hall
Nevada Bar No. 5977
Rick Elmore, Esq.
Nevada Bar No. 1977
Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, NV  89511
Telephone:  (775) 327-3030
Fax:  (775) 786-6179
ahall@hollandhart.com

**2.    Facts showing the existence and nature of the claimed emergency.**

This case is a wage action initiated by Plaintiffs' counsel that asserts claims of various named Plaintiff limousine drivers against Defendant limousine companies, Bell Trans and Bell Limo, as well as their parent company, Whittlesea Bell Corporation.

2

As further detailed in the attached Declaration of Mario P. Lovato, Esq.[1], attached as Exhibit 2, this Motion is submitted on an emergency basis because Plaintiffs have received information from their employee drivers that Plaintiffs' counsel has mailed to them a document entitled, Notice of Pendency of Class and Collective Action Lawsuit ("Notice").  **The Notice falsely states that, "The United States District Court for Nevada authorized this Notice."**  Declarations of three employee drivers are attached to this Motion as Exhibits 3-5, as are the notice of pendency they attest to receiving in the last couple days from Thierman Law Firm.

In this case, Plaintiffs and Defendants were ordered by Magistrate Judge Robert Johnston to submit proposed notices to the Court, which would thereafter be subject to a process of determining the contents of the notice of pendency that would be permitted to be served upon potential opt-ins.  See Order (Docket No. 112).  Plaintiffs and Defendants each submitted competing proposed notices.  See Plaintiffs' and Defendants' proposed notices (Docket Nos. 119 and 120, respectively).  The Court has not ruled on the issue and has not approved a proposed notice of pendency.  The issue remains pending with the Court.

Rather than await decision from Magistrate Judge Johnston regarding an approved notice of pendency, Plaintiffs' counsel has chosen to defy the Court by serving an unapproved notice of pendency that falsely represents to the recipient limousine drivers that such notice of pendency has been approved by the Court. Plaintiffs' counsel apparently refuses to recognize the authority of the Court in overseeing this process.  In so doing, Plaintiffs' counsel seeks to maximize the disruption inflicted on Defendants' operations.  Because Plaintiffs' counsel's misconduct consists of misrepresentations that are being made to potential opt-ins, because such misconduct interferes with the orderly litigation of this case, and because the misconduct appears to be ongoing, Defendants request that this Motion be heard on an emergency basis.  By hearing this motion on an emergency basis, the Court may be

---

[1] Facts involving defense counsel are supported by the Declaration of Mario P. Lovato, Esq., attached as Ex. 2.

able to reduce the prejudice being caused and preclude further false statements being made to potential opt-ins.

In addition, Defendants object to the notice of pendency for all the reasons already provided by Defendants to the Court. *See, e.g.*, Docket No. 120.

Defendants request a protective order that: (1) directs Plaintiffs' counsel to cease and desist in sending notices of pendency that have not been approved by the Court; (2) compels compliance with the Court's September 30, 2010 Order that details the procedure being employed in relation to approval of a notice of pendency; and (3) sanctions Plaintiffs' counsel in the manner further detailed below and otherwise provides curative remedies addressing the harm caused by Plaintiffs' counsel's misconduct.

### 3. Notification of counsel and service of the motion.

Defense counsel Mario Lovato made a telephone call shortly after 5:30 p.m. to Plaintiffs' counsel Jason Kuller, but was unable to reach him. Defense counsel also sent an e-mail to Jason Kuller inquiring about the matter. It stated:

> I have received information that your firm has commenced mailing a Notice of Pendency of Class and Collective Action Lawsuit ("Notice") in the above-referenced case. Please confirm that this is the case. Also, let me know what the basis is for serving a Notice that states that it has been approved by the Court.
>
> I need to act promptly on this matter. Send me a responsive e-mail or call me so that we can immediately discuss this. You can call me on my cell: 702 338-4651.

*See* June 29, 2011 e-mail sent from defense counsel Lovato to Plaintiffs' counsel Kuller, attached to Declaration of Mario P. Lovato. During the litigation of this case, Mr. Kuller has generally been available via e-mail, even after 5:00 p.m. Only minutes prior to defense counsel's sending of the e-mail, defense counsel had received an e-mail from Jason Kuller regarding a separate case in which both Kuller and Lovato are acting as counsel. Despite this, defense counsel has not received a response to the e-mail that he sent to Mr. Kuller.

This Motion is being served electronically, and all counsel in this case have submitted filings, and receiving filings, electronically.

DATED: June 29, 2011.

                                    LOVATO LAW FIRM, P.C.

                                    /s/ Mario Lovato
                                  MARIO P. LOVATO
                                  Nevada Bar No. 7427
                                  Attorney for Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

On September 30, 2010, Magistrate Judge Johnston entered an Order (Docket No. 112). The Order addressed Plaintiffs' Motion for Circulation of Notice of the Pendency of This Action Pursuant to 29 U.S.C. 261(b) And Other Relief (Docket No. 44). The "Order" section of Magistrate Judge Johnston's eight-page Order states, in pertinent part:

> IT IS FURTHER ORDERED that counsel for the parties hall meet and confer in a good faith effort to arrive at a mutually acceptable form of notice and shall submit a stipulation and proposed form of order no later than October 11, 2010 in the event they are able to agree. in the event they are unable to agree, counsel shall have until October 11, 2010 in which to submit a joint report identifying the portions of the notice on which they are unable to agree, and their competing proposals with respect to any portions of the notice on which they are unable to agree.
>
> IT IS FURTHER ORDERED that the Defendants shall have until October 18, 2010 in which to provide Plaintiffs with the names, addresses, phone numbers, and email addresses of the proposed class members.

Order at 8 (Docket No. 112), attached as **Ex. 1**.

Counsel for the parties met and conferred as required by the Court. A couple stipulations were also submitted to extend the pertinent time periods, which were approved by the Court and entered as Orders. Counsel for the parties were unable, however, to reach agreement regarding the contents of the notice of pendency.

5

In compliance with the Court's Order, Plaintiffs and Defendants each filed competing notices of pendency with the Court. On October 25, 2011, Plaintiffs submitted their pleading entitled, Plaintiffs' Proposed Class Notice and Order (Docket No. 119). On the same day, October 25, 2011, Defendants submitted their pleading entitled, "Defendants' Report identifying Points of Disagreement Regarding Notice of Pendency of Fair Labor Standards Act Collective Action and Proposed Notice of Pendency of Fair Labor Standards Act Collective Action" (Docket No. 120).

The Court has entered no Order approving of Plaintiffs' or Defendants' proposed notice of pendency. The proposed notices of pendency are matters that remain pending with the Court.

In compliance with the portion of the Magistrate Judge's Order that did not remain in dispute, defense counsel provided the contact information of the limousine driver employees. In providing such information, defense counsel made clear that it was being provided only pursuant to the Court's Order that it was to be kept confidential by Plaintiffs' counsel.

On or about June 24, 2011, Plaintiffs' counsel began mailing his proposed notice of pendency to limousine drivers who are potential opt-ins in the FLSA collective action. This is shown by the attached declarations of several limousine drivers who work for Defendants. *See* Declaration of Stephanie Buell, attached as **Ex. 3**; Declaration of Alice Tankersley, attached as **Ex. 4**; Declaration of Doo Oh, attached as **Ex. 5**. Attached to each such declaration is the actual notice of pendency that has been received by each limousine driver. Also attached to the declarations is the envelope in which the notice of pendency was mailed. Each such envelope shows that it was mailed by Plaintiffs' counsel, Mark Thierman.

The notice of pendency falsely states that it has been approved by the Court. It states that, "The United States District Court for Nevada approved this Notice." *See* Plaintiffs' counsel's notice of pendency (attached to each driver declaration) at 2. The statement is false. Neither Magistrate Judge Johnston nor District Judge Navarro has

approved of the notice of pendency that Plaintiffs' counsel has sent to the limousine drivers.

## II.

## ARGUMENT

### A. PLAINTIFFS' COUNSEL IS VIOLATING THE ORDER OF THE COURT AND THE PROCEDURE REQUIRED BY THE COURT REGARDING APPROVAL AND SERVICE OF A NOTICE OF PENDENCY.

Under Rule 26(c), a party subject to discovery may file a motion for protective order that seeks protection from, inter alia, premature or abusive discovery.

In FLSA collective actions, it is improper conduct for a plaintiff's attorney to send a notice of pendency to all potential members of the collective action without approval by the Court, especially when the contents of the notice are a matter pending before the Court.  See *Boulder v. Prudential Fin., Inc.*, 2007 WL 3396303, at *2-3 (D.N.J. Nov. 8, 2007) (holding it improper for plaintiffs' counsel to send consent-to-sue forms to all registered representatives prior to a ruling prior to a ruling on a motion for notice and conditional certification because it usurped the court's power to oversee the certification and notice process); *Melendez Cintron v. Hershey P.R., Inc.*, 363 F. Supp. 2d 10, 17 (D.P.R. 2005) (holding that court authorization is required before plaintiffs may send consent-to-sue forms to putative collective action members and granting motion to strike consent forms previously gathered); *Hamm v. TBC Corp.*, 2009 WL 2599663 (11th Cir. Aug. 25, 2009) (affirming sanctions entered by district court for improper solicitation of putative opt-in plaintiffs by plaintiffs' law firm).

In this case, the parties are operating under an Order of Magistrate Judge Johnston that they submit their competing proposed notices of pendency to the Court, which the Court will then review and make a determination thereon regarding the appropriate pertinent language.  Circumventing the Court's authority and oversight is obviously not permitted given the submission of the issue to the Court and the issuance of an Order by Magistrate Judge Johnston.  By sending unapproved notices of pendency, Plaintiffs' counsel has violated the Court's Order.

/ / /

### B. PLAINTIFFS' COUNSEL IS INTENTIONALLY SERVING A NOTICE OF PENDENCY THAT MAKES FALSE STATEMENTS.

Plaintiffs' counsel is serving a notice of pendency that falsely states that it was approved by the Court. In fact, the notice of pendency has not been approved by the Court. There is no excuse for this false statement. There is no question that the Court has issued no Order approving of the notice of pendency that Plaintiffs' counsel has sent. Given the high level of activity in this case, Plaintiffs' counsel cannot claim to be unaware of the status of the issues in this case or that the notice of pendency has not been approved.

In addressing other recent issues in this case, defense counsel has informed Plaintiffs' counsel that no notice of pendency has been approved by the Court. This was stated by defense counsel during the telephonic status check hearing that took place on March 23, 2011. Defense counsel also stated this as part of the pleading process for Plaintiffs' Motion to Compel and Defendants' Motion for Protective Order relating to 15 notices of deposition that were served by Plaintiffs' counsel. *See* Defs.' Reply in Support of Motion for Protective Order (Docket No. 150) at 2 ("In addition, there is no finalized order as to the contents of the notice to be sent to the drivers.").

Plaintiffs' counsel's violation follows his improper conduct in seeking to include references to a state law class action in the notice of pendency even though Plaintiffs' motion only sought approval of an FLSA notice of collective action. Given recent court decisions in a related case involving the same counsel and issues as in this case, which held that Plaintiffs have misinterpreted state law and dismissed Plaintiffs' state law claims, Plaintiffs have sought to circumvent the orderly process of filing a motion to obtain approval for sending a notice referencing their state claims. Even though Plaintiffs' counsel only filed a motion to have an FLSA notice of collective action sent, and even though Plaintiffs' counsel only attached a proposed notice of FLSA collective action to such motion, Plaintiffs' counsel has submitted a notice of pendency that references state law claims.

Plaintiffs' counsel is well aware that no notice of pendency has been approved by the Court. Such knowledge further shows that Plaintiffs' counsel's decision to mail unapproved notices of pendency is done so as to intentionally violate the Court's Order.

### C. PLAINTIFFS' COUNSEL SHOULD BE SANCTIONED FOR HIS INTENTIONAL VIOLATIONS AND CURATIVE REMEDIES SHOULD BE PROVIDED TO DEFENDANTS.

Under Rule 37(b) a party or his agent may be sanctioned for failure to comply with a discovery order. In addition, a failure to obey orders or processes of the court may be a basis for issuing sanctions or finding contempt. *See Chambers v. NASCO*, 501 U.S. 32 (1991) (holding that federal courts retain inherent power to discipline attorneys and parties who appear before them).

In FLSA actions, where an improper notice of pendency has been sent, federal courts have entered orders that, inter alia, prohibit further improper contact, require that a curative or corrective notice be sent, that strike consents to sue that were signed after the notice was sent, that bar further unsupervised contact by plaintiff's counsel, and that bar collection of fees by plaintiffs' counsel for work relating to the improper conduct. *See, e.g.*, *Spoerle v. Kraft Foods Global, Inc.*, 253 F.R.D. 434, 443 (W.D. Wis. 2008) (ordering curative notices to be sent by plaintiffs' counsel); *Jones v. Casey's Gen. Stores*, 517 F. Supp. 2d 1080, 1085-89 (S.D. Iowa 2007) (prohibiting plaintiff's counsel from initiating future contact with putative collective action members based on specific evidence that prior communications with such individuals violated ethical rules); *Alaniz v. Sam Kane Beef Processors, Inc.*, 2007 WL 4290659, at *1-2 (S.D. Tex. Dec. 4, 2007); *Hamm v. TBC Corp.*, 597 F. Supp. 2d 1338, 1351-53 (S.D. Fla. 2009) (imposing sanctions on plaintiffs' counsel that, inter alia, barred them from collecting fees or costs for work performed for various individuals).

These same sanctions and remedies should be issued by the Court in this case. Plaintiffs' counsel has chosen to intentionally violate the order of the Court, and the procedure being employed by the Court, regarding submission and approval of the proposed notice. Defendants request that each of the above-referenced sanctions and remedies be applied in this case.

# III.
# CONCLUSION

For the above and foregoing reasons, Defendants request that this Motion be granted and the requested relief be provided by the Court.

DATED: June 29, 2011.

                LOVATO LAW FIRM, P.C.

                /s/ Mario Lovato
                MARIO P. LOVATO
                Nevada Bar No. 7427
                Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 29, 2011, I served a copy of this **DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER, TO COMPEL COMPLIANCE WITH MAGISTRATE'S ORDER, AND FOR RULE 37 AND OTHER SANCTIONS AND CURATIVE REMEDIES** via electronic means in accordance with the court's order requiring electronic service in this case, and that it was served on all parties registered with the court's CM / ECF system of electronic service.

                                                /s/ Mario Lovato
                                        An employee of Lovato Law Firm, P.C.