Mark R. Thierman, NV#8285 CAL#72913
Jason Kuller, NV#12244 CAL#228157
Joshua Buck, NV#12187 CAL#258325
**THIERMAN LAW FIRM, P.C.**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY LUCAS, GREGORY H. CASTELLO, LILLIAN MELTON, LEAVON R. SMITH, ROBERT A. GREENE, JAMES A. BIGGS, LARRY DUTCHER, WILLIAM C. SACK, DONALD A SPEARCE, MERRILL L. CLAIR, BRADLEY J. EDWARDS, and LISA MEDFORD, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BELL TRANS, A Nevada Corporation; BELL LIMO, a Nevada Corporation; WHITTLESEA-BELL CORPORATION; and Does 1-50, inclusive, <br><br> Defendants. | CASE NO. 2:08-CV-01792-GMN-RJJ <br><br> **PLAINTIFFS' OPPOSITION TO "DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER, TO COMPEL COMPLIANCE WITH MAGISTRATE'S ORDER, AND FOR RULE 37 AND OTHER SANCTIONS AND CURATIVE REMEDIES"** <br><br> [filed concurrently with PLAINTIFFS' EMERGENCY COUNTER-MOTION FOR PROTECTIVE ORDER AND SANCTIONS; DECLARATION OF JASON KULLER; and [PROPOSED] ORDER] |

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

TABLE OF CONTENTS

Page

I. THIS COURT DID AUTHORIZE NOTICE TO THE CLASS AND DEFENDANTS ARE NOT PREJUDICED BY PLAINTIFFS' FORM OF NOTICE ............ 1

II. DEFENDANTS' BLINDNESS TO RULE 23 CERTIFICATION DOOMS THEIR MOTION AND EXPOSES THEM AND THEIR LAWYERS TO SANCTIONS ........... 3

III. DEFENDANTS' MOTION CONFUSES "APPROVED" WITH "AUTHORIZED." ..... 5

IV. ANY MIS-STATEMENT IN THE NOTICE TO CLASS MEMBERS WAS INADVERTENT – NOT "INTENTIONAL." ............ 6

V. CONTRARY TO DEFENDANTS' MOTION, PLAINTIFFS COMPLIED WITH THE MAGISTRATE'S ORDER ............ 9

VI. THIS IS NOT A DISCOVERY ISSUE AND RULES 26 AND 37 DO NOT APPLY. ............ 10

VII. DEFENDANTS MADE NO SINCERE EFFORT TO RESOLVE THIS ISSUE PRIOR TO SEEKING COURT INTERVENTION. ............ 11

VIII. PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS FOR HAVING TO OPPOSE DEFENDANTS' MOTION. ............ 12

IX. CONCLUSION ............ 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Alaniz v. Sam Kane Beef Processors, Inc.,
  2007 U.S. Dist. LEXIS 89161 (S.D. Tex. Dec. 4, 2007) ..........................................................3

Boulder v. Prudential Fin., Inc.,
  2007 U.S. Dist. LEXIS 83338 (D.N.J. Nov. 8, 2007) ..............................................................3

Cintron v. Hershey Puerto Rico, Inc.,
  363 F. Supp. 2d 10 (D.P.R. 2005) ........................................................................................3, 5

Creten-Miller v. Westlake Hardware, Inc.,
  2009 U.S. Dist. LEXIS 60393 (D. Kan. July 15, 2009) ...........................................................6

Daprizio v. Harrah's Las Vegas, Inc.,
  Case No. 2:10-cv-00604-GMN-RJJ, at 5:17-14 .....................................................................1

Domingo v. New England Fish Co.,
  727 F.2d 1429 (9th Cir.), modified on other grounds, 742 F.2d 520 (9th Cir. 1984) ..............4

Greene v. Executive Coach & Carriage,
  Case No. 2:09-CV-466-GMN-RJJ ..........................................................................................9

Gulf Oil v. Bernard,
  452 U.S. 89 (1981) ............................................................................................................4, 10

Hamm v. TBC Corp.,
  597 F. Supp. 2d 1338 (S.D. Fla. 2008) ...................................................................................3

Hinterberger v. Catholic Health System,
  2009 U.S. Dist. LEXIS 97944 (W.D.N.Y. Oct. 21, 2009) .......................................................6

Hoffmann-La Roche, Inc. v. Sperling,
  493 U.S. 165 (1989) ............................................................................................................2, 10

Jones v. Casey's Gen. Stores,
  517 F.Supp 2d 1080 (S.D. Iowa 2007) ...................................................................................3

Kleiner v. First Nat. Bank of Atlanta
  (11th Cir. 1985) 751 F.2d 1193 ..............................................................................................2

McElmurry v. U.S. Bank Nat. Ass'n,
  495 F. 3d 1136 (9th Cir. 2007) ...............................................................................................2

Spoerle v. Kraft Foods Global, Inc.,
  253 F.R.D. 434 (W.D. Wis. 2008) ..........................................................................................3

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

Wang v. Chinese Daily News,
623 F.3d 743 (9th Cir. 2010) ...............................................................................................10

**STATUTES**

28 U.S.C. § 636(b)(1)(A)......................................................................................................10

29 U.S.C. § 216(b) ...........................................................................................................1, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23................................................................................................................1, 10

Federal Rules of Civil Procedure 26.................................................................................10, 12

Federal Rule of Civil Procedure 37 ..................................................................................10, 12

**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

iii

PLAINTIFFS' OPPOSITION TO EMERGENCY MOTION FOR PROTECTIVE ORDER

**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

**I.**

**THIS COURT DID AUTHORIZE NOTICE TO THE CLASS AND DEFENDANTS ARE NOT PREJUDICED BY PLAINTIFFS' FORM OF NOTICE**

As a threshold matter, the rulings of Judge Jones, the Magistrate, and Judge Navarro do authorize notice to Class Members in this action. See ECF Nos. 69, 112, 145; see also Fed. R. Civ. P. 23(c)(2)(B) (notice to individual class members is mandatory for any class certified under Rule 23(b)(3)). In particular, the Magistrate's order specifically granted Plaintiffs' motion to circulate notice of the pendency of this action pursuant to 29 U.S.C. § 216(b). See ECF No. 112. While the Magistrate may not have formally approved the form of notice sent by Plaintiffs, the Magistrate clearly contemplated that Plaintiffs would be circulating notice to Class Members after Judge Navarro upheld the Magistrate's order authorizing notice. See ECF No. 145. In the words of the Magistrate: "I know [Judge Navarro] did rule recently on ***the one issue*** that had kind of held up the notice requirement." See Transcript of Proceedings before the Honorable Robert J. Johnston on June 1, 2011 (ECF No. 166) [hereinafter "Transcript"] at page 42, attached as Exhibit A to Declaration of Jason J. Kuller ["Kuller Decl."] (emphasis added).

Based on the Magistrate's statement and Judge Navarro's ruling, Plaintiffs circulated notice to Class Members informing them of their rights to join the lawsuit, exclude themselves, or hire their own lawyer (hereinafter "Notice"). See Notice attached as Ex. B to Kuller Decl. Unlike Defendants' proposed notice, Plaintiffs' Notice followed the Magistrate's direction to consider the Court's Rule 23 certification order in adopting the proper form of notice. See ECF No. 112 at 7:11-13. That is to say, Plaintiffs' notice informed Class Members of ***all*** their rights in this hybrid action encompassing both Rule 23 opt-out claims and FLSA opt-in claims. Plaintiffs' notice was thus consistent with Judge Navarro's recent determination that "the proper way" to proceed in hybrid actions "is to allow . . . ***two separate classes*** – one using the opt-in procedures of the FLSA, while the other would utilize Rule 23's opt-out procedures." See Order in Daprizio v. Harrah's Las Vegas, Inc., Case No. 2:10-cv-00604-GMN-RJJ, at 5:17-14 (emphasis in original), previously filed with the Court as Exhibit A at ECF No. 138-1.

If the Court did not authorize notice to Class Members, then Plaintiffs' counsel made a mistake by stating in the Notice: "The United States District Court for Nevada authorized this Notice." But since the Court did authorize notice, and there is nothing otherwise inaccurate or unfair in the Notice, Defendants are not prejudiced by Plaintiffs' circulation of notice. With the discovery deadline less than a month away, and the motion cutoff less than two months away, Plaintiffs' counsel was merely trying to inform Class Members of their rights and prepare for the second stage of certification, which has a deadline of August 25, 2011. See McElmurry v. U.S. Bank Nat. Ass'n, 495 F. 3d 1136, 1139 (9th Cir. 2007) (giving notice to potential plaintiffs of a collective action serves the "plaintiffs' interest in vigorously pursuing the litigation and the district court's interest in 'managing collective actions in an orderly fashion.'") (quoting Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 173 (1989)); see also Hoffman-LaRoche, 493 U.S. 165 at 170 (stating that the benefits to the judicial system of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decision about whether to participate").

Furthermore, unlike all the *pre*-certification FLSA cases relied on by Defendants' motion , Plaintiffs' Notice here constitutes a *post*-certification communication with Rule 23 Class Members who are already clients of Plaintiffs' counsel (hereinafter "Class Counsel"). See, e.g., Kleiner v. First Nat. Bank of Atlanta (11th Cir. 1985) 751 F.2d 1193, 1207 n.28 (recognizing that, "[a]t a minimum, class counsel represents all class members as soon as a class is certified"); see also Manual of Complex Litigation § 21.33 (4th ed. 2004) ("Once a class has been certified, the rules governing communications [with class members] apply as though each class member is a client of the class counsel."). Defendants' blindness to Rule 23 certification dooms their whole motion, much like it doomed their proposed notice to Class Members.

/ / /

/ / /

/ / /

## II.

## **DEFENDANTS' BLINDNESS TO RULE 23 CERTIFICATION DOOMS THEIR MOTION AND EXPOSES THEM AND THEIR LAWYERS TO SANCTIONS**

Although never considered or even mentioned by Defendants, this case has already been certified ***both*** as a Rule 23 class action and conditionally certified as a collective action under the FLSA.  See ECF Nos. 69, 145, 112.  Defendants' motion, however, is premised entirely on FLSA cases involving ***pre***-certification communications – i.e., prior to FLSA conditional certification – as opposed to the Rule 23 ***post***-certification communications at issue here.  See Boulder v. Prudential Fin., Inc., 2007 U.S. Dist. LEXIS 83338, at *3 (D.N.J. Nov. 8, 2007) (concerning communications prior to FLSA conditional certification); Cintron, 363 F. Supp. 2d at 29 (same); Hamm v. TBC Corp., 597 F. Supp. 2d 1338, 1350 (S.D. Fla. 2008) (same); Jones v. Casey's Gen. Stores, 517 F.Supp 2d 1080, 1084-86 (S.D. Iowa 2007) (same); Alaniz v. Sam Kane Beef Processors, Inc., 2007 U.S. Dist. LEXIS 89161, at *2 (S.D. Tex. Dec. 4, 2007) (enjoining misleading communications prior to FLSA conditional certification by default when plaintiffs failed to appear at the hearing); Spoerle v. Kraft Foods Global, Inc., 253 F.R.D. 434, 443 (W.D. Wis. 2008) (granting FLSA and Rule 23 certification but ordering "curative notices" because plaintiffs previously did not inform employees of their rights to file their own individual lawsuits).  Accordingly, ***none*** of the cases on which Defendants rely are relevant to what actually happened in this case or the relief being sought.  Defendants cannot cite a single case in which post-certification communications between class counsel and class members is prohibited or sanctionable under the facts presented.

Indeed, under well-established precedent, ***post***-certification communications between class counsel and class members are not subject to the same restrictions as ***pre***-certification communications.  In the words of the Ninth Circuit:

> The abuses at which communications restrictions are aimed arise from the fact that the class representative and his counsel may have interests that are in conflict with those of the class members. . . . It is hard to identify any conflict of interest that might have existed between plaintiffs' counsel and class members during the

3

PLAINTIFFS' OPPOSITION TO EMERGENCY MOTION FOR PROTECTIVE ORDER

time at issue here. . . . Because the class had already been certified . . . [c]lass members' only interest was in presenting their claims to the court in the best possible light. Plaintiffs' counsel, whatever their motives, had the same interest.

Domingo v. New England Fish Co., 727 F.2d 1429, 1441 (9th Cir.), modified on other grounds, 742 F.2d 520 (9th Cir. 1984) (applying Gulf Oil v. Bernard, 452 U.S. 89 (1981)).

On the other hand, communications between Class Members and *parties opposing the class* (i.e., Defendants and their lawyers) warrant the most scrutiny and restriction. See Gulf Oil, 452 U.S. at 101-102, 104 & n.21 (reversing district court order precluding communications between class counsel and *potential* class members but explicitly recognizing prohibition against opposing counsel's communications with represented parties because "the rules of ethics properly impose restraints on some forms of expression"). Here, because Defendants and their lawyers are communicating with Class Members about the subject of this litigation in violation of Nevada Rule of Professional Conduct 4.2, Plaintiffs have been forced to move for a protective order and sanctions. See Plaintiffs' Emergency Counter-Motion for Protective Order and Sanctions filed concurrently herewith.

Defendants' motion fundamentally ignores the existing attorney-client relationship between Class Members and Class Counsel by seeking a protective order preventing Class Counsel from communicating with his own clients! This is extraordinary and unsupported by any showing of the need for such a limitation or any potential interference with the rights of the parties. See Gulf Oil, 452 U.S. at 101-102. That is especially true here where the interests of Class Counsel and Class Members are aligned. See Domingo, 727 F.2d at 1441. Any such protective order would unfairly interfere with Class Counsel's rights to communicate with Class Members about the action and to develop the case for trial. See Gulf Oil, 452 U.S. at 101-102. For this reason alone Defendants' motion must be denied.

/ / /

/ / /

/ / /

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

### III.

### DEFENDANTS' MOTION CONFUSES "APPROVED" WITH "AUTHORIZED."

The only allegedly false statement complained of by Defendants is that the Notice says it was "approved" by the Court  See Motion (ECF No. 164) at 6:1 ("The notice of pendency falsely states that it has been *approved* by the Court."), 6:1-2 ("It states that, 'The United States District Court for Nevada *approved* this Notice.'"), 6-7 ("Neither Magistrate Judge Johnston nor District Judge Navarro has *approved* of the notice of pendency that Plaintiffs' counsel has sent to the limousine drivers."), 8:3-4 ("Plaintiffs' counsel is serving a notice of pendency that falsely states that it was *approved* by the Court.") (emphasis added).

Defendants' repeatedly misquote the Notice as saying it was "approved" by the Court, the Notice actually says it was "authorized" by the Court.  See Notice at 2:1-2.  This is significant because, while Plaintiffs concede the final form of notice was never "approved" by the Court, Plaintiffs' circulation of notice to Class Members was indeed "authorized" by the Court.  See ECF Nos. 69, 145, 112.

Defendants are apparently confusing the issue whether Class Members should receive notice of the action (i.e., whether the court should authorize class notice) with the issue of the final form of notice (i.e., whether the notice must be approved by the court).  See Cintron v. Hershey Puerto Rico, Inc., 363 F. Supp. 2d 10, 29 (D.P.R. 2005).  Here, in the context of the immediately following sentence, the purpose of the "authorization" language is to make clear that the Notice is not "a solicitation from a lawyer."  See Notice at 2:1-3.  Far from indicating Court approval, the Notice clearly states that "The Court in this case has not expressed any opinion as to the merit of any claim or defense raised by the parties to the lawsuit."  See id. at 2:6-8.

Consequently, Defendants cannot demonstrate any prejudice from the Notice to Class Members, and could not even if the Notice did say "approved" instead of "authorized." Based on Defendants' motion, the only necessary clarification in any curative notice would be: "The United States District Court for Nevada has authorized notice to Class Members, but has not formally approved the content of this notice." Plaintiffs submit that making this correction

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

hardly constitutes an "emergency," and will not make any material difference in apprising Class Members of their rights or in the participation of Class Members in this lawsuit.

In all other ways, the Notice sent to Class Members fairly and accurately informs them of the pending litigation and their rights to join the lawsuit, exclude themselves, or file their own lawsuit. As such, there is no need for the Court to alter the Notice proposed by Plaintiffs and sent to Class Members. See Creten-Miller v. Westlake Hardware, Inc., 2009 U.S. Dist. LEXIS 60393, at *5 (D. Kan. July 15, 2009) ("Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary."); see also Hinterberger v. Catholic Health System, 2009 U.S. Dist. LEXIS 97944, at *34 (W.D.N.Y. Oct. 21, 2009) (rejecting "proposition that no notice can be sent to potential class members unless it is first authorized by the trial court").

## IV.
## ANY MIS-STATEMENT IN THE NOTICE TO CLASS MEMBERS WAS INADVERTENT – NOT "INTENTIONAL."

Defendants' motion accuses Plaintiffs' counsel of "intentionally" serving a notice to Class Members that makes false statements. See Motion (ECF No. 164) at 8:1-2. In fact, Plaintiffs' counsel reasonably believed that notice had been approved by the time Judge Navarro denied Defendants' appeal of the Magistrate's order authorizing notice, and after the Magistrate's statement that the major obstacle to sending notice had been removed. See Kuller Decl. at ¶¶ 6-12.

Plaintiffs moved for conditional certification of their FLSA claims and circulation of notice nearly two years ago on August 10, 2009. See ECF No. 44. Less than two months later, Plaintiffs also moved for certification of their state-law claims under Rule 23. See ECF No. 53. The Court (Judge Jones) ordered Rule 23 certification of Plaintiffs' state-law claims on December 1, 2009. See ECF No. 69. The Court did not conditionally certify Plaintiffs' FLSA claims, however, until nearly a year later on September 30, 2010. See ECF No. 112.

In granting conditional certification, the Magistrate explicitly acknowledged "the delay on [Plaintiffs'] Motion" and recognized that "Plaintiffs have already been granted Rule 23

class standing" while awaiting conditional certification. See id. at 6:27-28, 7:3. The Magistrate ordered the parties to meet-and-confer in a good faith effort to arrive at a mutually-acceptable form of notice. See id. at 8:6-7. Significantly, the Magistrate directed "the parties to consider Judge Jones'[Rule 23 certification] Order" in deciding on the proper form of notice. See id. at 7:11-13.

Whereas Plaintiffs proposed a "hybrid" notice that took Rule 23 certification into account, Defendants proposed a bare FLSA notice that ignored the Magistrate's directive and pretended Rule 23 certification had never occurred. See ECF Nos. 119, 120. Plaintiffs invite the Court to examine the parties' proposed notices and the arguments submitted in favor of each and determine which notice is more fair, accurate, and appropriate for the purpose of informing Class Members of their rights in this hybrid action. See ECF Nos. 119, 120, 121, 123. For all the reasons set forth in connection with their proposed notice, Plaintiffs submit that Defendants did not meet-and-confer in good faith and interposed unreasonable objections for the very purpose of delaying and frustrating notice. See ECF Nos. 119, 121. The same is true for Defendants frivolous appeal of the Magistrate's order granting conditional certification, which delayed sending of notice at least an additional six (6) months. See ECF Nos. 122, 145.

In granting conditional certification, the Magistrate also ordered the parties to submit their proposed notices in 11 days and ordered Defendants to supply Plaintiffs with the contact information for Class Members within a week of the proposed notice deadline. See ECF No. 112 at 8:6-14. The Magistrate would not have imposed such short time frames unless circulation of notice was imminently expected. But that was nearly eight (8) months ago. In the interim, Defendants appealed the Magistrate's conditional certification order. See ECF No. 117, 122, 125, 145. Significantly, Defendants did not appeal that portion of the Magistrate's order granting circulation of notice. See ECF no. 117.

After Defendants' appeal, the Magistrate took no further action on the proposed notices. On March 23, 2011, the Magistrate held a telephonic hearing on the parties' stipulation to modify the scheduling order (ECF No. 126) and inquired why the case was not

7

PLAINTIFFS' OPPOSITION TO EMERGENCY MOTION FOR PROTECTIVE ORDER

moving along. The parties represented that a major cause for extending the deadlines was the outstanding appeal of the Magistrate's conditional certification order, which was holding up notice to Class Members. See Kuller Decl. at ¶ 6. Contrary to Defendants' Motion (ECF No. 164 at 8:10-12), the parties focused on the outstanding appeal of the Magistrate's order – not the Magistrate's failure to approve a final form of notice – as the cause for delaying notice. See id.

At that point – some six (6) months after the Magistrate's conditional certification ruling – Plaintiffs' counsel honestly believed the only holdup to circulating notice was Judge Navarro's ruling on Defendants' appeal. See Kuller Decl. at ¶ 6. This was apparently the Magistrate's belief as well since, if the Magistrate understood he still had yet to approve the final form of notice, he would not have inquired about the source of the parties' delay. This was confirmed at the recent hearing on June 1, 2011, when the Magistrate referenced Judge Navarro's recent denial of Defendant's appeal: "I know [Judge Navarro] did rule recently on *the **one** issue* that had kind of held up the notice requirement." See Kuller Decl. at ¶ 9 and Ex. A (emphasis added). Again, if the Magistrate understood that he still had yet to approve the final form of notice, he would not have referred to Judge Navarro's decision as "the one issue" holding up notice to Class Members.

This was the understanding of Plaintiffs' counsel as well. Defendants' attorneys made no effort to correct the Magistrate or point out that the parties were still waiting on a final form of notice to be approved. See Kuller Decl. at Ex. A. Indeed, shortly thereafter, Plaintiffs' counsel called Defendants' attorney Mario Lovato and asked for a list of class members in computer-readable format in order to facilitate the circulation of notice. See id. at ¶ 13. Mr. Lovato refused this request on the ground that the Magistrate had not ordered the list to be produced in electronic format.[1] See id. Obviously, Plaintiffs' counsel was not requesting a computer-readable list of Class Members for any purpose other than to send out notice. Again,

---

[1] Mr. Lovato's refusal caused great expense to Plaintiffs, who had to manually re-type the approximately 1500 class member names that were provided in PDF hard-copy format. See Kuller Decl. at ¶ 14.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

8

PLAINTIFFS' OPPOSITION TO EMERGENCY MOTION FOR PROTECTIVE ORDER

**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

Mr. Lovato never objected to Plaintiffs' request on the ground that no final form of notice had been approved. <u>See</u> id. Based on this omission and his silence at the hearing on June 1, 2011, Defendants' counsel contributed to the confusion, if any there was, by Plaintiffs and the Court on this issue. Defendant cannot profit from its own contribution to the confusion.

Although Defendants accuse Plaintiffs of "intentionally" serving a "false" notice, Defendants' counsel had to know that Plaintiffs' counsel subjectively believed notice had in fact been approved. This is demonstrated by two filings made by Plaintiffs' counsel. First, on May 11, 2011, in response to Defendants' accusations that Plaintiffs were making "improper use" of Class Member contact information, Plaintiffs' counsel submitted a declaration to this Court attesting that "I have made no use whatsoever of the class list and await the Court's ruling on Mr. Lovato's objections to that portion of the Order requiring Defendants to disclose class members' telephone numbers and emails." (<u>See</u> ECF No 138-1 at ¶ 2:9-11.) This statement demonstrates counsel's subjective belief that the only holdup to sending out notice was Judge Navarro's ruling.

Even more telling is a filing made by Plaintiffs' counsel in the sister case of <u>Greene v. Executive Coach & Carriage</u>, Case No. 2:09-CV-466-GMN-RJJ, which involves the same defense counsel (Mr. Lovato) as the instant case. In <u>Greene</u>, on June 9, 2011, Plaintiffs' counsel proposed a class notice and represented that "this form of notice [has] already been approved" in this case – i.e., <u>Bell</u>. <u>See</u> Kuller Decl. at ¶ 12 and Ex. C. Plaintiffs' counsel did not make this representation to mislead the Court but because he honestly believed that notice had been approved. <u>See</u> id. Mr. Lovato raised no objection to this statement.

**V.**

**<u>CONTRARY TO DEFENDANTS' MOTION, PLAINTIFFS COMPLIED WITH THE MAGISTRATE'S ORDER.</u>**

Defendants' motion seeks to compel "compliance with the Magistrate's order," even though Plaintiffs did comply. While the Magistrate's order arguably contemplated a mutually-acceptable or court-approved form of notice, the Magistrate did not prohibit communications between Class Counsel and Class Members. <u>See</u> ECF No. 112. Nor could the Magistrate have

9

done so without making specific findings of the need for such a limitation or potential interference with the rights of the parties. See Gulf Oil, 452 U.S. at 101-102; see also 28 U.S.C. § 636(b)(1)(A) (permitting "a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to permit maintenance of a class action . . . ."). Here, Plaintiffs complied with the Magistrate's order by submitting their proposed form of notice and the points of disagreement with Defendants' proposed form of notice. See ECF Nos. 112, 119, 121, The Magistrate's order required nothing more of Plaintiffs.

## VI.

## THIS IS NOT A DISCOVERY ISSUE AND RULES 26 AND 37 DO NOT APPLY.

Defendants' motion is curiously framed as a discovery motion to prevent "premature or abusive discovery" pursuant to Federal Rules of Civil Procedure 26 and 37. See Motion (ECF No. 164) at 7:7-8, 9:6-7. Defendants apparently believe that any ruling made by the Magistrate is a "discovery order." Yet this situation does not involve a discovery order and does not involve "premature or abusive discovery." Here, the order made by the Magistrate was an order granting Plaintiffs' motion for circulation of notice of the pendency of this action pursuant to 29 U.S.C. § 216(b) – i.e., an FLSA conditional certification order. This is not a discovery order and does not in any way concern discovery except for requiring Defendants to turn over the contact information of Class Members. Even this turnover of contact information, however, is not for the purpose of discovery, but for the purpose of giving notice to Class Members of their rights. See Hoffman-LaRoche, 493 U.S. 165 at 170. Class Counsel is not conducting *any* discovery – much less abusive or premature discovery – by informing Class Members of their rights to join the lawsuit, exclude themselves, or hire their own lawyer. Defendants' Motion is thus a legal *non sequitur* and has no statutory or procedural basis.[2]

///

---

[2] Rule 23, which Defendants continue to ignore, does give the Court broad discretion to regulate the notice and opt-out processes and to impose limitations when a party engages in behavior that threatens the fairness of the litigation. See Fed. R. Civ. P. 23(d); Wang v. Chinese Daily News, 623 F.3d 743, 756 (9th Cir. 2010).

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

# VII.

## DEFENDANTS MADE NO SINCERE EFFORT TO RESOLVE THIS ISSUE PRIOR TO SEEKING COURT INTERVENTION.

Although irrelevant to the merits, the Court should know that Defendants' counsel, Mario Lovato, made no personal consultation or good faith effort to resolve this matter prior to seeking Court intervention. Mr. Lovato's supporting declaration is in fact devoid of the necessary statement certifying that "after personal consultation and sincere effort to do so, counsel have been unable to resolve the matter without court action." See LR 26-7. That is because no such consultation or effort were made.

As stated in Defendants' motion, Mr. Lovato's only effort to contact Plaintiffs' counsel was an email sent at 5:50 PM on the evening of June 29, 2011. See Kuller Decl. at ¶ 16 & Ex. D. A mere 3 hours and 20 minutes later, Defendants filed the instant "emergency motion," consisting of 57 pages and 4 declarations, including 3 declarations from employees presumably gathered after working hours. See ECF No. 164. It is beyond the pale that Mr. Lovato, who is habitually late with filings, assembled 57 pages of motion, exhibits, and declarations in less than 3 ½ hours – which presumes he started working on it immediately after sending the email to Plaintiffs' counsel. On its face, Defendants were determined to file their "emergency motion" in order to smear Plaintiffs and their counsel regardless of any personal consultation or effort to resolve this matter without Court intervention. Had Mr. Lovato actually waited till morning for Plaintiffs to respond to his email, he would have learned that Plaintiffs were willing to send out a curative notice at their own expense.

Furthermore, Mr. Lovato sent his email to only one of Plaintiffs' attorneys (Jason Kuller) even though he is aware that Mark Thierman is also counsel of record and has dealt personally with Mr. Thierman in this action. See Kuller Decl. at ¶ 6. Although Mr. Lovato represents, without personal knowledge, that Mr. Kuller is "generally available" after 5 PM, Mr. Kuller was in fact not in the office and not available at the time of Mr. Lovato's email. See Kuller Decl. at ¶¶ 16-17. Nor is it true, as Mr. Lovato attests, that he had received an email from Mr. Kuller "only minutes" before sending his 5:50 PM email. See Declaration of

Mario P. Lovato (ECF No. 164-1) at ¶ 6.  The truth is Mr. Kuller's email was sent to Mr. Lovato **50 minutes earlier** at 5:00 PM.  <u>See</u> Kuller Decl. at ¶ 18 & Ex. E.

## VIII.

## PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS FOR HAVING TO OPPOSE DEFENDANTS' MOTION.

The Court should enter an order awarding Plaintiffs their reasonable attorneys' fees and costs in connection with opposing Defendants' motion.  Federal Rule of Civil Procedure 37(a)(5)(B), which applies to motions for protective order under Rule 26(c)(3), provides that, when a motion for protective order is denied, "the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expense incurred in opposing the motion, including attorney's fees."  (Emphasis added.)

## IX.

## CONCLUSION

Plaintiffs' counsel is perfectly willing to send out "curative" notices to Class Members in whatever form approved by the Court.  Plaintiffs contend, however, that no curative notice is necessary since the Notice circulated to Class Members is fair and accurate and does not prejudice Defendants in any way.  Wherefore, Plaintiffs respectfully request the Court deny Defendants' motion in its entirety and issue an order granting Plaintiffs their reasonable expenses, including attorneys' fees, associated with this opposition.

Dated this 7th day of July, 2011.          Respectfully submitted:

　　　　　　　　　　　　　　　　　　　　　THIERMAN LAW FIRM

　　　　　　　　　　　　　　　　　　　　　By: /s/ Jason J. Kuller_____
　　　　　　　　　　　　　　　　　　　　　　　JASON J. KULLER

12

PLAINTIFFS' OPPOSITION TO EMERGENCY MOTION FOR PROTECTIVE ORDER