Mark Thierman, NV Bar No. 8285
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027

Jason Kuller, NV Bar No. 12244
KULLER LAW PC
10775 Double R Blvd.
Reno, Nevada 89521
Tel: (855) 810-8103
Fax: (855) 810-8103

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY LUCAS, GREGORY CASTELLO, LILLIAN MELTON, LEAVON SMITH, ROBERT GREENE, JAMES BIGGS, LARRY DUTCHER, WILLIAM SACK, DONALD SPEARCE, MERRILL CLAIR, BRADLEY EDWARDS, and LISA MEDFORD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BELL TRANS, A Nevada Corporation; BELL LIMO, a Nevada Corporation; WHITTLESEA-BELL CORPORATION; and Does 1-50, inclusive,<br><br>Defendants. | Case No. 2:08-CV-01792-JAD-NJK<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

This Court conducted a Preliminary Fairness Hearing on December 11, 2013.

///

1    The Court has before it Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion"). The Court has carefully considered the request for preliminary approval of the parties' Joint Stipulation and Settlement Agreement (ECF 244). The Court having read and considered the Motion, the arguments of counsel, and the law, and good cause appearing therefore, the Court hereby finds and orders as follows:

1. The Motion is granted. Unless otherwise noted, all terms herein shall have the same meaning and definition as in the parties' Joint Stipulation and Settlement Agreement.

2. The Court finds the Settlement meets the requirements for preliminary approval as fair, adequate, and reasonable, and appears to be the product of arms-length and informed negotiations, with the amended terms as agreed during the preliminary fairness hearing.

3. For settlement purposes only, the Court certifies the following Settlement Subclasses:

   a. The FLSA Settlement Class, which shall consist of all Class Members who timely complete and return a Consent/Claim Form; and

   b. The Rule 23 State Law Claims Settlement Class, which shall consist of all Class Members who do not timely complete and return a Request for Exclusion.

4. The Court finds, for settlement purposes only, that the FLSA Settlement Class meets the requirements for conditional certification under the Fair Labor Standards Act, 29 U.S.C. §§ 201-16 ("FLSA").

5. The Court also finds, for settlement purposes only, that the Rule 23 State Law Claims Settlement Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the Class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Class, which questions predominate over individual issues; (3) Plaintiffs' claims are typical of the claims of the Class; (4) Plaintiffs and their counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

6. The Court approves, as to form and content, the parties' proposed Class Notice, Consent/Claim Form, and Request for Exclusion (collectively "Notice Packet") attached to the

1  Settlement as Exhibits 1, 2, and 3 respectively.  The Court finds the Notice Packet sufficient to
2  inform Class Members of the terms of the Settlement, of their rights under the Settlement, of their
3  rights to object to the Settlement, and of their rights to make a claim or to elect not to participate in
4  the Settlement, as well as the processes for doing so.  The Court finds the scheduled dates and
5  methods for distributing the Notice Packet meet the requirements of due process and provide the
6  best notice practicable under the circumstances and shall constitute due and sufficient notice to all
7  persons entitled thereto.  Any blank or previously undetermined dates or fields shall be completed
8  in accordance with the Settlement and this Order.

9       7.    The Court approves, as to form and content, the parties' proposed Second
10 Amended Complaint, attached to the Settlement as Exhibit 4.  The Court grants leave for the
11 Second Amended Complaint to be filed reflecting the new case number (2:08-CV-01792-JAD-
12 NJK),

13      8.    The Court appoints, for settlement purposes only, the plaintiffs named in the
14 Second Amended Complaint (Anthony Lucas, Gregory Castello, Lillian Melton, Leavon Smith,
15 Robert Greene, James Biggs, Larry Dutcher, William Sack, Donald Spearce, Merrill Clair,
16 Bradley Edwards, Robert McCoy, and Lisa Medford) as representatives of **both** Settlement Subclasses.
17      9.    The Court appoints, for settlement purposes only, Mark Thierman of Thierman
18 Law Firm and Jason Kuller of Kuller Law PC as Class Counsel.

19      10.   The Court appoints Simpluris, Inc., as the Claims Administrator.

20      11.   The Final Approval Hearing will be held no earlier than 150 days from the date of
21 this Order as follows: **May 21, 2014 at 9:30 a.m.**
22                  At such time, the Court will determine whether the parties'
23 Settlement should be granted final approval as fair, reasonable, and adequate as to Class Members.
24 The Court will hear all evidence and argument necessary to evaluate the Settlement, including (i)
25 whether the Court should approve the Settlement Award to Plaintiffs and Eligible Class Members,
26 (ii) whether the Court should approve the requested Fee Award and Litigation Costs and Expenses
27 to Class Counsel, (iii) whether the Court should approve the requested Enhancement Payments to
28

1  Plaintiffs, (iv) whether the Court should approve the requested Administration Costs and Expenses
2  to the Claims Administrator, and (v) whether the Court should sustain any timely objections to the
3  Settlement.
4       12.    Plaintiffs, in cooperation with Defendants, shall file a Motion for Final Approval of
5  the Settlement, together with supporting briefs and other materials, no later than 15 days before
6  the Final Approval Hearing date.
7       13.    The Court orders the parties to carry out the Settlement in all other ways according
8  to its terms.
9       14.    The Court reserves the right to continue the date of the Final Approval Hearing
10 without further notice to Class members. The Court retains jurisdiction to consider all further
11 applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

Date: December 11, 2013.

_____
UNITED STATES DISTRICT JUDGE