1  Mark Thierman, NV Bar No. 8285
2  THIERMAN LAW FIRM, P.C.
   7287 Lakeside Drive
3  Reno, Nevada 89511
   Tel: (775) 284-1500
4  Fax: (775) 703-5027

5
   Jason Kuller, NV Bar No. 12244
6  KULLER LAW PC
   10775 Double R Blvd.
7  Reno, Nevada 89521
   Tel: (855) 810-8103
8  Fax: (855) 810-8103

9  Attorneys for Plaintiffs

10

11                UNITED STATES DISTRICT COURT
                       DISTRICT OF NEVADA
12

13
   ANTHONY LUCAS, GREGORY           |  Case No. 2:08-CV-01792-JAD-NJK
14 CASTELLO, LILLIAN MELTON,
   LEAVON SMITH, ROBERT GREENE,     |
15 JAMES BIGGS, LARRY DUTCHER,      |  [PROPOSED]
   WILLIAM SACK, DONALD             |  ORDER OF FINAL APPROVAL AND
16 SPEARCE, MERRILL CLAIR,          |  JUDGMENT
17 BRADLEY EDWARDS, LISA
   MEDFORD, and ROBERT McCOY, on
18 behalf of themselves and all others
19 similarly situated,

20                    Plaintiffs,
21         v.

22 BELL TRANS, a Nevada corporation;
   BELL LIMO, a Nevada corporation;
23 PRESIDENTIAL LIMOUSINE, a
   Nevada corporation; WHITTLESEA-
24 BELL, a Nevada corporation; and Does
25 1-50, inclusive,

26                    Defendants.
27

28

1    The Court conducted a Final Approval Hearing on June 18, 2014, in this class and
2    collective action ("Action").   The Court has before it Plaintiffs' Unopposed Motion for
3    Final Approval of: (1) Class and Collective Action Settlement; (2) Class Representative
4    Service Payments; (3) Class Attorneys' Fees and Costs; and (4) Administrative Costs
5    ("Motion").   The Court has carefully considered the request for final approval of the
6    parties' Joint Stipulation and Settlement Agreement ("Settlement Agreement").  The Court
7    having read and considered the Motion, the arguments of counsel, and the law, and good
8    cause appearing therefore, the Court hereby finds and orders as follows:

9    1.    The Motion is granted.  All terms used herein shall have the same meaning
10   as defined in the parties' Settlement Agreement.

11   2.    This Court has jurisdiction over the subject matter of this Action and over all
12   parties to this Action, including all Class Members.

13   3.    Distribution of the Class Notice, Consent/Claim Forms, and Requests for
14   Excusion has been completed in accordance with the parties' Settlement Agreement and
15   the Court's Preliminary Approval Order (Dkt. No. 252), including individual notice to all
16   Class Members who could be identified through reasonable effort, and as otherwise set
17   forth in the Settlement.  The Notice provided due and adequate notice of the proceedings
18   and of the matters set forth therein, including the proposed Settlement, to all persons
19   entitled to such Notice, and the Notice fully satisfied the requirements of due process.  All
20   Class Members and all Released Claims are covered by and included within the Settlement
21   and this Order of Final Approval and Judgment.

22   4.    The Settlement Agreement meets the requirements for final approval as fair,
23   adequate, and reasonable.  The parties entered into the Settlement in good faith after years
24   of hard-fought and hotly-contested ligitation.  The Settlement is the product of informed,
25   serious, and non-collusive arms-length negotiations.

26   5.    The Parties have conducted extensive and costly investigation and research,
27   and counsel for the Parties are able to reasonably evaluate their respective positions.
28

Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action.  The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes the significant value to the Parties and Class Members.  The Class and both Settlement Classes are properly certified for settlement purposes only.  No objections to the Settement were filed or raised before the Court.  Accordingly, the Court directs the Parties to effectuate the Settlement according to its terms.

6.      The Court finds and orders that the Settlement constitutes a fair, reasonable, and adquate compromise of the Released Claims against the Released Parties.  Upon the Effective Date, and except as to such rights or claims as may be created by the Settlement, Plaintiffs and each Eligible Class Member, individually and on behalf of all of their respective successors, assigns, heirs, and personal representatives, shall be deemed to have jointly and severally released, acquitted, and forever discharged the Released Parties from and against any and all Released Claims.  In addition, each Absent Class Member shall be deemed to have jointly and severally released, acquitted, and discharged the Released Parties from and against any and all Released Claims except those arising under the FLSA.  Furthermore, upon the Effective Date, the Releasing Parties and Absent Class Members shall have no claim against Class Counsel, Defendants' Counsel, or the Claims Administrator based on distributions or payments made in accordance with this Settlement Agreement.

7.      Neither the Settlement nor any of the terms set forth in the Settlement is an admission by the Released Parties, nor is this Order of Final Approval and Judgment ("Final Order and Judgment") a finding of the validity of any claims in the Action or of any wrongdoing by the Released Parties.  Neither the Court's Final Order and Judgment, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission by or against the Released Parties, of any fault, wrongdoing or liability whatsoever.  The entering into or

carrying out of the Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by the Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Court's Final Order and Judgment, the Settlement Agreement, the Released Claims, or any related agreement or release.  Notwithstanding these restrictions, any of the Released Parties may file in this Action, or submit in any other proceeding, the Court's Final Order and Judgment, the Settlement, and any other papers and records on file in this Action as evidence of the Settlement to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8.    The Court hereby finds the Settlement Awards to Eligible Class Members provided for under the Settlement to be fair and reasonable in light of all the circumstances.  The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

9.    The Court also hereby approves and orders Enhancement Payments totalling $127,500.00 to be paid and distributed to the 13 Named Plaintiffs in accordance with the terms of the Settlement.

10.    The Court hereby confirms Mark Thierman of Thierman Law Firm, P.C., and Jason Kuller of Kuller Law PC as Class Counsel in the Action.

11.    Pursuant to the terms of the Settlement, and the authorities, evidence, and argument submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees in the amount of $1,236,500.00, and costs and expenses in the amount of $76,759.29, to be deducted and paid from the Settlement Amount as final payment for, and complete satisfaction of, any and all attorneys' fees and costs incurred by or owed to Class Counsel or any other person or entity related to the Action.  Such award of attorneys' fees and costs shall be administered in accordance with the Settlement, and transferred and made payable

1    to Class Counsel in the Action.

2           12.    The Court also hereby approves and orders Enhancement Payments totalling

3    $127,500.00 to be distributed to the 13 Named Plaintiffs from the Settlement Amount in

4    accordance with the terms of the Settlement.

5           13.    The Court also hereby approves and orders payment of any remaining costs

6    of the Claims Administrator (Simpluris, Inc.) for administration of the Settlement,

7    continuing through completion of the administration, to be paid from the Settlement

8    Amount as set forth in the Settlement.

9           14.    Provided the Effective Date of the Settlement is the date of this Final Order

10   and Judgement, the Court also hereby orders the Parties and Claims Administrator to

11   comply with the Revised Timeline ordered by the Court on January 23, 2014 (Dkt. No.

12   258), to timely fund and deliver the Settlement Awards, Enhancement Payments, and

13   attorneys' fees and costs as set forth in the Settlement Agreement.

14          15.    The Court hereby enters judgment in the Action, as of the date of entry of

15   this Final Order and Judgment, pursuant to the terms set forth in the Settlement

16   Agreement.   Plaintiffs' Second Amended Complaint (Dkt. No. 254) and the Released

17   Claims in this Action are hereby dismissed with prejudice according to the terms of the

18   Settlement and this Final Order and Judgment, without costs charged to any party except

19   as provided therein.

20          16.    Without affecting the finality of the Court's Final Order and Judgment in any

21   way, or the Effective Date of the Settlement, the Court hereby retains continuing

22   jurisdiction over the interpretation, implementation, and enforcement of the Settlement,

23   and all orders entered in connection therewith.

24   **IT IS SO ORDERED.**

25

26   Date: _6/18/14_

27                                        _____
                                          UNITED STATES DISTRICT COURT JUDGE
28